(93 Misc. Rep. 89)

## PERRY v. FOX et al.

(Supreme Court, Appellate Term, Second Department. November-December Term, 1915.)

1. MASTER AND SERVANT ⬅➡301—TORT OF SERVANT—LIABILITY OF MASTER—"SERVANT."

Where an automobile owner drove to a garage, and there took aboard the garage owner, who was to repair his car, who, at the car owner's request, went to a country club, so that he might drive back the car for repairs after the owner disembarked, such car owner was not liable for injuries to a third party's automobile, occasioned by the negligence of the garage owner in driving the car back to the garage.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. ⬅➡301.]

---

2. MASTER AND SERVANT ⟨key⟩1—NATURE OF RELATION—"SERVANT."

    A servant is one who is employed to render personal services to his employer, otherwise than in the pursuit of an independent calling.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1; Dec. Dig. ⟨key⟩1.

    For other definitions, see Words and Phrases, First and Second Series, Servant.]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by John M. Perry against Seth W. Fox, Jr., and another. From a judgment for plaintiff, and an order denying motion for new trial, the named defendant appeals. Reversed, and complaint dismissed.

Argued November-December term, 1915, before MADDOX, KAPPER, and KELBY, JJ.

Walter L. Glenney, of New York City, for appellant.

Barent L. Visscher, of New York City, for respondent.

KELBY, J. [1] Action to recover for damages to plaintiff's automobile. The complaint alleged a collision between plaintiff's automobile and the automobile of defendant Fox, and the complaint as amended at the trial states:

"Third. That the said collision and the damages resulting therefrom were caused solely by reason of the carelessness, negligence, and recklessness of the defendant, his agent, servant, and employé, and without any fault or want of care on the part of plaintiff."

There was sufficient evidence to warrant the jury in finding that defendant's car was carelessly operated, and the appellant does not argue the question of negligence here. It is, however, urged that there was no evidence showing that Hill, who was driving Fox's car at the time of the accident, was in law the servant of Fox.

Mr. Hill, described in the testimony as a first-class mechanic, kept a garage on the State road at Palisades, in Rockland county, this state. That was his business at the time of the accident, and had been for three or four years past. On the day of the accident the defendant Fox found that the carburetor of his car was not in order and needed some adjustment. Fox started from his home in Palisades and went to Hill's garage. Hill boarded Fox's car, and Fox drove the car to the Rockland Country Club, and there turned the car over to Hill to make repairs. In driving the car back to his garage to make the repairs, Hill negligently drove Fox's car into that of plaintiff.

The defendant Fox, called as a witness by plaintiff, testified that he was the owner of the car, and in response to questions by defendant's counsel testified as follows:

"Q. What does Hill do at the garage with reference to automobiles? A. He does repair work and adjustments. Q. And was he ever employed by you as your chauffeur? A. No, sir. Q. Did you engage him as your agent or servant? A. No, sir. Q. To operate this automobile? A. No, sir; I did not. Q. You last saw him in front of the Rockland Country Club, Palisades, on that night? A. Yes. Q. What was said between you and him just prior to your turning the automobile over to him? A. I told him to make a few

repairs. Q. What were those repairs? A. Some small adjustments in the carburetor, etc."

Then there was testimony that Hill had made repairs before and that Hill would send a bill for them. In response to plaintiff's counsel, Fox testified as follows:

"I went to Mr. Hill's garage. Q. What did you do there? A. I picked him up there *and asked him to go to the Country Club with me and drive the car back*. Q. And did he go to the club with you? A. Yes, sir. Q. And drive the car up to the Country Club? A. No, sir. Q. Who drove the car? A. I drove the car. Q. And he went with you, did he? A. He went with me; yes. Q. Then what did you do? A. I got out of the car then. Q. And what did he do? A. He got in the driving seat, and turned the car around to go to the garage. Q. You turned the car over to him? A. I turned the car over to him at the club. Q. He took it down there with your consent? A. Yes. Q. *And according to your instructions back to the garage?* A. Yes, sir. Q. After he got into the garage, he was to make the repairs to your car? A. That is right. Q. You give him no instructions as to how to drive the car, did you? A. No, sir."

The testimony, considered as a whole, presents no contradiction of fact, nor does it present a condition of facts from which contradictory inferences can be drawn. The ultimate fact is that defendant told Hill to take his automobile and repair it, knowing the repairs were to be made at Hill's garage, at some distance from the place of delivery.

It is undisputed that the car was turned over to Hill at the Country Club. It is undisputed that Hill had an established separate business, that of keeping a garage for the repair of automobiles. When Fox delivered the automobile to Hill, he parted with all control over it. He retained no supervision over Hill as to the manner or method of the car being put in repair, or being brought to the repair shop of Hill. In my opinion, the sole relation existing between Fox and Hill was that of a bailor and bailee. It is a matter of daily occurrence for a garage man to take possession of automobiles either at the owners' residence, on the road, or at the bailee's shop. As to injuries to third persons caused by the negligence of the bailee, there is no liability upon the part of the bailor. N. Y., L. E. & W. R. Co. v. New Jersey Electric Ry. Co., 60 N. J. Law, 338, 38 Atl. 828, affirmed 61 N. J. Law, 287, 41 Atl. 1116, 43 L. R. A. 849.

So in the case of Woodcock v. Sartle, 84 Misc. Rep. 488, 146 N. Y. Supp. 540, the owner of an automobile employed an experienced mechanic to make necessary repairs to the owner's car. The repairs were made on the owner's premises. The mechanic took the car out on the road to test it, and while so engaged collided with a horse and wagon, causing serious injury to person and property. The court there held that the mechanic was an independent contractor, and that the owner of the automobile was not liable. In the last-cited case the particular contract between the owner of the automobile and the mechanic was also that of bailment; the bailment sometimes classified as "locatio operis faciendi." In the case at bar, after the car was surrendered to Hill, he had it from that moment for his own business, that of making repairs. In the case of King v. N. Y. Cent. & H. R. R. Co., 66 N. Y. 181, 23 Am. Rep. 37, the court says:

"But it is not enough, in order to establish a liability of one person for the negligence of another, to show that the person whose negligence caused the injury was at the time acting under an employment by the person who is sought to be charged. It must be shown, in addition, that the employment created the relation of master and servant."

[2] Such relation did not exist between the defendant and Hill, for as was said in the case of Murray v. Dwight, 161 N. Y. 301, 55 N. E. 901, 48 L. R. A. 673, a servant is one who is employed to render personal services to his employer, otherwise than in the pursuit of an independent calling. Hill, on the contrary, was in the pursuit of an independent calling. See Hexamer v. Webb, 101 N. Y. 377–383, 4 N. E. 755, 54 Am. Rep. 703; Woodcock v. Sartle, supra.

The judgment and order should be reversed, and the complaint dismissed, with costs. All concur.