CRAIG THORN, Respondent, v. EDGAR CLARK and GEORGE LARAVIE, Appellants.

Third Department, June 30, 1919.

**Motor vehicles — negligence — injury by automobile not driven by owner — owner's liability dependent on relationship of master and servant — independent contractor — repair of automobile at garage and testing same as constituting work of independent contractor — liability of owner of automobile for injury to another while car was being driven by garage man — effect of direction by owner to " take the car out."**

The liability of the owner of an automobile for the negligence of one driving his car depends upon the relationship of master and servant.

Where the owner of an automobile takes it to a garage to be repaired, the accomplishment of that result and work incidental thereto, such as testing

the automobile, is the work of an independent contractor, and not that of a servant.

It makes no difference in reference to the relationship established that the work may have been done by a particular employee in the garage acting independently and for himself.

Accordingly, the owner of an automobile is not liable to another with whom his car collides, where at the time of the accident, the car was being driven by the garage man or an employee thereof.

And a direction by the owner to " take the car out " does not make him liable, for either the garage man took the automobile out to test it or he was using it for his own purpose; in either event no liability rests on the owner.

APPEAL by the defendants, Edgar Clark and another, from a judgment of the County Court of Clinton county, entered in the office of the clerk of said county on the 11th day of March, 1919, upon the verdict of a jury for $150, and also from an order entered in said clerk's office on or about the same day denying defendants' motion for a new trial made upon the minutes.

An automobile owned by the defendant Clark and driven by the defendant Laravie collided on a public highway with an automobile driven by the plaintiff and for injuries received by the latter in such collision he has recovered the judgment now under review.

The defendant Clark a few days before the accident had taken the automobile for repairs to a public garage where the defendant Laravie was employed. Clark left the automobile with Laravie with instructions to make the necessary repairs. Laravie repaired it and after doing so was driving it on the highway when the accident occurred. According to his testimony he had a double purpose in thus using the automobile. He was testing it and also at the same time giving his neighbor a pleasure ride. He had previously on different occasions used the automobile for his own purpose. On the occasion in question there is evidence that the defendant Clark told him " to take the car out " but whether for the purpose of testing it or not does not clearly appear.

*John E. Judge,* for the appellants.

*Patrick J. Tierney,* for the respondent.

COCHRANE, J.:

Evidence was developed bearing on the question as to whether Laravie in repairing the automobile was doing so as the servant of the proprietors of the garage where he worked. I shall assume as claimed by the respondent that such was not the case.

Starting with this assumption I am of the opinion that no liability has been established against the defendant Clark, the owner of the automobile. Such liability must depend on the relationship of master and servant between Clark and Laravie. It seems to be quite well established that in making repairs like those in question such relationship does not exist. Laravie was an independent contractor. (*Hexamer* v. *Webb,* 101 N. Y. 377; *Perry* v. *Fox,* 93 Misc. Rep. 89; *Woodcock* v. *Sartle,* 84 id. 488, and cases there cited; *Matter of Litts* v. *Risley Lumber Company,* 224 N. Y. 321; *Matter of Rheinwald* v. *Builders' Brick & Supply Company,* 223 id. 572, the facts in which case are stated in 168 App. Div. 425.)

In *Hexamer* v. *Webb* (*supra*) it was said: " The test to determine whether one who renders service to another does so as a contractor or not is to ascertain whether he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. (Shearm. & Redf. on Neg. § 76.)" Applying that test to this case the action must fail as to the owner of the automobile. Laravie in repairing it represented the will of the owner only as to the result of his work, the means by which he accomplished such work being left to his own discretion. It is a most common occurrence for the owner of an automobile to have it repaired at a garage. The accomplishment of that result and work incidental thereto, such as testing the automobile, is the work of an independent contractor and not that of a servant. It makes no difference that the work as in this case may have been done by a particular employee in the garage acting independently and for himself.

In *Matter of Litts* v. *Risley Lumber Company* (224 N. Y. 321, 324) there is an instructive discussion illustrating the distinction between an employee and an independent contractor.

The fact that the owner Clark directed Laravie to " take

the car out " does not make Clark liable. Either Laravie took the automobile out to test it or he was using it for his own purposes. In either event no liability rests on the owner.

As to the defendant Laravie we see no reason for disturbing the judgment.

All concurred.

Judgment and order reversed and complaint dismissed, with costs, as to the defendant Clark, and judgment and order affirmed, with costs, as to the defendant Laravie.