Before State Industrial Commission, Respondent.

In the Matter of the Claim of Frank Roach, Respondent, for Compensation under the Workmen's Compensation Law, *v.* Hibbard & Gifford, Employer, and The Travelers Insurance Company, Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — agreement to cut timber at certain price — independent contractor.**

Where the son of a landowner, who had sold certain growing timber to the defendant, agreed to cut the remaining portion of the timber which was to be used for poles at a certain price for cutting each pole with an additional price for skidding the same, and agreed to use his own team and hired another person to help him with the work, and used his own discretion in selecting the trees to be cut, he was an independent contractor and not the servant of the person with whom the agreement was made, and hence he is not entitled to an award under the Workmen's Compensation Law for an injury received while engaged in cutting the poles.

Appeal by the defendants, Hibbard & Gifford and another, from a decision and award of the State Industrial Commission, made and entered in the office of said Commission on the 11th day of November, 1919, and also from a decision and award of said Industrial Commission, entered in the office of said Commission on the 2d day of December, 1919.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

Cochrane, J.:

The question here is whether claimant was in the employ of Hibbard & Gifford or whether he was an independent contractor.

The claimant lived on a farm owned by his mother on which farm was growing timber. Hibbard & Gifford purchased all the poles on the farm measuring twenty-five feet in length and

seven inches at the top, paying one dollar and fifty cents each for those thirty feet long or more and seventy-five cents each for the others, and they to cut and remove them. They removed about 245 poles. A discussion then arose between the purchasers and the claimant as to whether the former had removed all the poles required by the contract. Manifestly there was in some instances a question as to whether they would measure up to the required size which question could only be determined after they had been cut. The purchasers thought there might remain 75 or 100 poles which would answer the requirements of the contract. The claimant thought there were three times that number. As a result of the discussion it was agreed that the claimant should hire a man to assist him in cutting the remaining poles and that the claimant should be paid for cutting them twenty cents each and for skidding them thirty cents each. For the latter work he was to use his own team. Claimant thereupon arranged with one Henderer to pay him fifty dollars a month to help him with the ordinary farm work and in addition thereto to board the family of Henderer, who thereupon with his family moved into the house on the farm. It was further agreed between claimant and Henderer that the latter should assist him in cutting the poles and the time when he was thus engaged should be deducted from the time for which he was paid as a farm laborer and that for such cutting he should be paid one-half of the twenty cents for each pole paid by the purchaser for such cutting. Claimant thereupon with the assistance of Henderer at intervals cut 201 poles. While engaged in skidding them claimant broke his leg, for which injury awards have been made him herein on the theory that he was the servant of Hibbard & Gifford.

It is sometimes difficult to determine whether one stands in the relation to another of servant or independent contractor. Within certain principles which have been quite definitely enunciated it seems clear that in the present instance the claimant falls within the latter category. His time was his own. He could and did work at such times as he desired. It was agreed that he should do so. He furnished his assistant and paid him. He furnished his own team. It was his judgment which determined the trees which were to be cut. He

expressly testified that the purchasers left the determination of that question to himself. He further testified: "I could cut any amount I wanted to, skid any amount I wanted to." He exercised control over the manner and details of the work and was responsible to the purchasers only for the consequences of his work. The twenty cents a pole for cutting and thirty cents a pole for skidding was merely a method of arriving at the compensation for the completed task. The employment was not by the day or the hour. The days and the hours during which the work was prosecuted were intermittent and were selected by the claimant. He was practically paid a lump sum measured by the number of poles he delivered. As in *Matter of Litts* v. *Risley Lumber Company* (224 N. Y. 321) so also here the claimant had "absolute control of himself and his helper. He was independent as to when, within a reasonable time after the agreement was made between him and the company, and as to where he should commence the work. He was free to proceed in the execution of it entirely in accordance with his own ideas. He was not to any extent subject to the directions of the company in respect of the method, means or procedure in the accomplishment." Claimant represented the will of the purchasers only as to the result of his work and not as to the means by which it was accomplished. (*Thorn* v. *Clark,* 188 App. Div. 411, and cases there cited; *Prince* v. *Schwartz,* 190 id. 820; *Hopkins* v. *Empire Engineering Corporation,* 152 id. 570; *Brown* v. *Munn Piano Co.,* 172 id. 372.) The arrangement had all the characteristics of an independent contract, and applying the tests usually employed in determining the question here involved as indicated in the foregoing authorities the conclusion is compelled that claimant was an independent contractor.

The awards should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.