JOHN McCLOSKEY, as Administrator, etc., of SUSIE McCLOSKEY, Deceased, Respondent, *v.* HUGO NAGEL, Appellant, Impleaded with BENJAMIN POTTER, Defendant.

Second Department, November 2, 1923.

**Motor vehicles — action to recover for death of plaintiff's intestate — automobile was being operated at time of accident by repairman who was independent contractor — owner is not liable.**

The owner of an automobile is not liable for the death of a person who was killed by his automobile while it was being operated by a repairman, an independent contractor, where it appears that at the time of the accident the repairman had not completed his contract and had not returned the automobile to the owner.

APPEAL by the defendant, Hugo Nagel, from a judgment of the Supreme Court in favor of the plaintiff and against said defendant, entered in the office of the clerk of the county of Kings on the 6th day of March, 1923, upon the verdict of a jury for $1,800, and also from an order entered in said clerk's office on the 20th day of March, 1923, denying said defendant's motion for a new trial made upon the minutes.

*Alfred W. Meldon* [*Joseph Force Crater* with him on the brief], for the appellant.

*James A. Gray* [*William S. Butler* with him on the brief], for the respondent.

PER CURIAM:

At the time of the accident the automobile was operated by defendant Potter, a repairman who was not in the general employ

of defendant Nagel, the owner of the car. Potter had possession of the car as a bailee for the purpose of making repairs and returning it to the owner. As between the two defendants he was an independent contractor; his contract was to make the repairs and return the car to the owner. (*Hexamer* v. *Webb,* 101 N. Y. 377; *Roach* v. *Hibbard & Gifford,* 193 App. Div. 554; *Bache* v. *Salvation Army,* 202 id. 17.) Potter had completed the repairs but he had not returned the automobile to the owner. He testified on the trial that he was on his way to the Nassau street hill, in the borough of Brooklyn, to test the car preliminary to returning it. He was confronted with an affidavit made by him in which he stated that at the time of the accident he was on the way to a garage to which the owner had directed him to return the car. And there was an affidavit introduced in evidence in which the owner had stated that he instructed Potter to return the car to the garage. The learned trial justice was of opinion that the answer to the question whether Potter was on his way to the Nassau street hill to test the car, or on the other hand whether he was on his way to the garage, determined whether Potter was acting for the owner at the time of the accident. But it would seem that this was immaterial. As matter of fact, at the time of the accident Potter had passed Lawrence street on which the owner's place of business was located, and Bridge street on which the garage was located. He was going away from both destinations. Whether he was on his way to test the car or not, it is evident that he had not completed his contract, he had not returned the car to the owner. Under these circumstances he was not acting as the servant of the owner at the time of the unfortunate accident. (*King* v. *N. Y. C. & H. R. R. R. Co.,* 66 N. Y. 181, 184; *Hexamer* v. *Webb, supra; Thorn* v. *Clark,* 188 App. Div. 411, citing *Perry* v. *Fox,* 93 Misc. Rep. 89.)

The judgment and order should be reversed on the law and the facts and the complaint dismissed as to defendant Nagel, without costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

Judgment and order reversed upon the law and the facts, and the complaint unanimously dismissed as to the defendant Nagel, without costs.