DE FOREST DAIRY COMPANY, Appellant, vs. FRIEDRICH and another, Respondents.

*September 16—October 14, 1930.*

252

For the appellant there was a brief by *Wegener & Roick,* and oral argument by *Virgil H. Roick* and *C. G. Mathys,* all of Madison.

For the respondents there was a brief by *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *R. J. Sutherland.*

OWEN, J. The liability of the defendants must be predicated upon some act of negligence committed by Ruddy as the servant of the defendants while acting within the scope of his employment. It is necessary, therefore, to examine closely the relations which Ruddy bore to the defendants and Johnson, as well as the relations existing between the defendants and Johnson.

Upon the record in this case there is no room to doubt that the truck at Madison was purchased by Johnson, and that after its purchase Johnson was faced with the problem of transferring it to Oshkosh. This responsibility was initially his, and remained his until and unless it was transferred to or assumed by some one else. There is no evidence

in the case that the defendants undertook, for a consideration or gratuitously, to transfer this truck to Oshkosh. All that they did was to extend to Johnson some friendly assistance in the matter. They loaned to him the use of their truck and its driver. They made no charge whatever for the service. They did not undertake to safely transport the truck or to supervise or direct the enterprise. It was still Johnson's enterprise, of which he had full charge and supervision. In its prosecution he simply had the use of the defendants' truck and driver with which he had been accommodated.

It is a general rule that where an employee with his consent is loaned to a special employer he becomes the servant of such special employer. An exception to this rule was pointed out in *Wagner v. Larsen,* 174 Wis. 26, 182 N. W. 336, and there stated as follows:

"Where an owner hires his team and driver, or his automobile and chauffeur, or his machine and operator to another to do work to be designated and as directed by the hirer, the hirer having no authority by the terms of the contract of hire to discharge the driver, chauffeur, or operator and substitute another, the driver, chauffeur, or operator remains the servant of the owner in matters relating to the safety and management of the team, automobile, or machine, and the owner is liable to third persons for damages resulting from the negligent management or operation of the team, automobile, or machine by such servant."

The reason for this exception is thoroughly considered and stated in *Wagner v. Larsen, supra,* and will not be repeated here. Upon the authority of that case it must be held that Ruddy remained the servant of the defendants in so far as the immediate management of the truck was concerned, and no farther. If the damage to the plaintiff's truck resulted from Ruddy's negligence in the management of the truck which he was driving, then defendants are liable, but unless the accident was due to such negligence

on the part of Ruddy, then they are not liable. The record reveals no such negligence on the part of Ruddy. He was on the proper side of the highway. He was not driving at an excessive rate of speed. The truck he was driving did not collide with the plaintiff's truck at all. It was the tow that collided, and the reason for such collision finds no explanation in the record.

It is contended that the tow was improperly and negligently hitched to the towing truck, but, if so, the defendants are not liable. They had assumed no duty in that respect. Neither had they authorized Ruddy to act for them in that behalf. If there was negligence in that respect it was the negligence of Johnson, whose enterprise it was and whose interest was being promoted. It is said that the rule of the tow-boat cases which holds the towing boat responsible for damages committed by the tow should be applied. Before such principles are applied to the towing of motor vehicles, a careful comparison of physical similarities, tendencies, and movements between tows known to navigation and tows familiar to our highways is necessary to make certain that an analogy exists between the two situations. However, it is futile to undertake such a consideration here, because this enterprise as a whole was Johnson's enterprise. He had control of the front truck as well as of the rear truck. Ruddy was his servant, and for Ruddy's negligence Johnson was responsible, except for his negligence in the immediate management of the truck. As there was an entire failure to prove any negligence on the part of Ruddy for which the defendants are responsible, a verdict in favor of the defendants was properly directed, and the judgment dismissing the complaint must be affirmed.

*By the Court.*—So ordered.