HELEN ZERA, Respondent, *v.* MAX M. KAPLAN, Appellant, Impleaded with BENJAMIN GREENSPAN and Another, Doing Business under the Trade Name of ESS AND JAY TIRE SHOP, Defendants.

First Department, December 9, 1932.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the appellant.

*Harry Zeitlan* of counsel [*Harry Miller*, attorney], for the respondent.

TOWNLEY, J.  Plaintiff sues the defendants for damages resulting from their alleged negligence.  Defendant Kaplan left his automobile in front of his place of business at about seven o'clock on the evening of May 23, 1930.  On returning to the car a short time later, he found that the front right tire was flat.  He hired the defendants Greenspan and Schapiro to repair the tire.  Schapiro went to the car with a large garage jack which he placed under the right front axle.  The handle of the jack extended out in front of the car about two or three feet.  He removed the tire and took it to his shop to make repairs.  Half an hour later, he returned to find that the plaintiff as she was crossing Burnside avenue from the north to the south side passed in front of the car to step up onto the sidewalk, tripped over the handle of the jack, which was apparently invisible in the darkness, and fell.

The judgment is attacked by Kaplan on the ground that he employed the defendants Greenspan and Schapiro as independent contractors to do the work, left the car in their charge, and is not responsible for the negligence of Schapiro in leaving the handle of the jack sticking out so that it was a trap for passersby.  Regardless of any questions of law which might arise as to the privilege in Kaplan to abandon his car in the public street to an independent contractor without any further care of the consequences, there was testimony in the record by Schapiro that Kaplan had seen him put the jack on the car and remove the tire, and had said that he would stay with the car until Schapiro returned with the tire duly repaired.  This testimony, to be sure, was contradicted by Kaplan, but the credibility of both Kaplan and Schapiro was a question to be determined by the trier of the facts who observed the witnesses and could best determine their credibility.  (*Burd* v. *Bleischer*, 208 App. Div. 499.)

The judgment should be affirmed, with costs.

FINCH, P. J., MARTIN and SHERMAN, JJ., concur; MERRELL, J., dissents and votes for reversal and dismissal of the complaint.

MERRELL, J. (dissenting).  The action was brought by plaintiff to recover for personal injuries alleged by her to be the result of the negligence of the defendants.  The defendant, appellant, Kaplan, was the owner of a Pierce-Arrow automobile.  The defendants Greenspan and Schapiro were the proprietors of an automobile

tire repair shop, doing business, as copartners, under the trade name of Ess and Jay Tire Shop. On the evening of May 23, 1930, at about seven o'clock, the defendant Kaplan, who was a doctor optometrist, having a place of business on Burnside avenue, in the borough of The Bronx, parked his car in front of his shop and after a short time returned and found that the right front tire of his automobile was flat. He thereupon went to the repair shop of the defendants Greenspan and Schapiro, around the corner, on Jerome avenue. There he found the defendant Samuel Schapiro, and asked him to go to the car and repair the flat tire. Schapiro, in company with the defendant Kaplan, then went to the car, which was still parked in front of the Kaplan shop on Burnside avenue. Schapiro took with him a large garage jack. When they arrived at the disabled car, the defendant Kaplan showed him the flat tire and the defendant Schapiro started to work. Thereupon Kaplan closed the car and told Schapiro that he was going downtown, and left him working on the car. Before leaving, according to the testimony of the defendant Kaplan, he paid Schapiro one dollar for making the necessary repairs to the tire. The defendant Schapiro denied at the trial that the defendant Kaplan left him while he was removing the tire, and denied that he paid him one dollar, or that he left the car to go downtown. Schapiro testified that he first placed the jack under the car and that he took the tire from the wheel and went to his shop on Jerome avenue to make the necessary repairs. He testified that he left the defendant Kaplan to watch the car. However, on cross-examination, the defendant Schapiro was asked: " Q. As a matter of fact he went on downtown before you got the tire off, isn't that right? A. No, sir. Q. Did you make the statement and sign it when you said this: ' The owner was not around, as he went downtown and returned late at night and picked the car up.' Did you make that statement? A. I don't remember whether I did or not. Q. Isn't that your signature, look at it? A. That is my signature." Later on trial counsel for the defendant, appellant, asked the witness Schapiro the following question: " Q. Didn't you also say this in the statement — which I should have asked you before: ' On May 23, 1930, about 7:30 in the evening, Dr. Kaplan came there to our place and told me that he had a flat on his car which was standing in front of his store, 100 East Burnside Avenue, Bronx, New York. He paid in advance one dollar and told me to have it fixed. I took over the Waukee curb jack to the car and found the flat on the front right wheel.' Isn't that what you said? A. Right." It thus appears from the testimony of Schapiro at the trial, that the defendant Kaplan was left to watch the car and that Schapiro did not receive

his pay for repairing the tire until between ten and eleven o'clock the same night, was contradictory to the written statement which Schapiro at the trial admitted that he had signed.

The jack which Schapiro placed under the front axletree for the purpose of disengaging the tire had an arm protruding about two feet in front of the car and in the same direction that the car was facing. Plaintiff, while Schapiro was at his garage repairing the tire, came across the street and started to go upon the sidewalk in front of and in close proximity to the automobile. The night was dark and she did not see the protruding jack handle, tripped over it, and fell upon her face upon the curb and pavement, and sustained more or less serious injuries, for which she sues. Plaintiff received an injury to her nose and sinuses which was painful and required considerable surgical and medical treatment.

At the close of the testimony the justice presiding at the trial directed a verdict in plaintiff's favor against all three defendants for $1,000. Neither of the defendants Greenspan and Schapiro has appealed. The defendant Kaplan appeals, contending that he was in nowise responsible for the injuries which befell plaintiff; that he had employed an independent contractor, in the person of Schapiro, to make the necessary repairs to the tire of his car; that the defendant Kaplan took no part in such repairs and was not present when the jack with the protruding handle was left under the car.

I am of the opinion that the court erroneously directed a verdict as against the defendant Kaplan. When the defendant Kaplan left the car in the custody of the repairman, he parted with all control over it for the time being. Thereupon the defendant Schapiro became a bailee of the car and was liable for any negligence on his part causing the plaintiff's injuries. I think there was no liability on the part of the defendant Kaplan for the negligence of the defendant Schapiro. The cases of *Perry* v. *Fox* (93 Misc. 89) and *Woodcock* v. *Sartle* (84 id. 488) are directly in point. In the last case Justice WHEELER wrote as follows: "We have reached the conclusion, after a careful consideration of the facts and authorities, that the defendant Sartle cannot be held liable for the negligence of Smith, and this upon the theory that Smith did not become an employee, but was an independent contractor engaged in repairing Sartle's automobile. * * * The fact that the work was done on Sartle's premises does not change the legal relations between the parties. Had Smith had a shop of his own and had he taken the automobile there to do the work, his duties would have been precisely the same." (See, also, *Thorn* v. *Clark*, 188 App. Div. 411; *McCloskey* v. *Nagel*, 206 id. 467.) The instrumentality which caused the accident to plaintiff was not

the automobile of the defendant Kaplan, but was the jack of the repairman Schapiro. Schapiro left this jack in a position creating a dangerous situation, as a result of which plaintiff received her injuries. I think Schapiro alone was responsible for such injuries. The court at Trial Term determined that the garagemen were negligent, and there has been no appeal by either of the defendants, owners of the garage. The evidence clearly shows that the defendant Kaplan never exercised any control over the instrumentality causing plaintiff's injuries, to wit, the garage jack of the defendants Schapiro and Greenspan.

The respondent seeks to sustain the judgment upon the theory that, irrespective as to whether or not Schapiro was an independent contractor, the defendant, appellant, is still liable for injuries resulting from the use of his automobile on the public highway under section 59 of the Vehicle and Traffic Law. I think section 59 of the Vehicle and Traffic Law has no application whatever to the case at bar. The owner of this automobile cannot be held liable on the theory that it was being operated by any person legally using the same. The automobile of the defendant, appellant, was not being operated, but there was merely a repair being made thereon by an independent contractor for whose negligence the defendant, appellant, was not responsible.

The judgment appealed from, so far as the defendant, appellant, is concerned, should be reversed, with costs, and the complaint, as to said defendant, appellant, dismissed, with costs.

Judgment affirmed, with costs.