EDERER, Appellant, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY, LIMITED MUTUAL, and another, imp., Respondents. [Two cases.]

*February 6—March 3, 1936.*

For the appellant there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

*D. J. Regan* of Milwaukee, for the respondents.

NELSON, J. On December 4, 1934, Kitzerow, who owned a garage in Milwaukee and who was engaged in the business of servicing automobiles, was driving an automobile belonging to Massopust from Kitzerow's garage to Marquette University, where he intended delivering it to Massopust.

On the way he negligently, as the jury found, struck and injured Robert Ederer. Kitzerow had serviced Massopust's automobile for four or five years. Whenever Massopust's automobile required repairs or servicing, it was his custom to stop at Kitzerow's garage and, after making known his request for service, to pick up either Kitzerow or one of his employees and then drive to Marquette University where he turned his automobile over to Kitzerow or to his employee who drove it back to the garage where the repairs were made or the servicing done. It was customary for Kitzerow, or one of his employees, after completing the servicing work, to deliver Massopust's automobile to him at the university. Massopust would then drive Kitzerow or his employee back to the garage. Kitzerow made no specific charge for accompanying Massopust to the university or for delivering the automobile to him there upon the completion of the servicing work. On the day in question Massopust's public-liability risk was covered by a policy issued by the Milwaukee Automobile Insurance Company. The policy contained the following so-called omnibus or extended coverage clause:

"(F) The insurance provided under section II hereof is extended to apply in the same manner and under the same conditions and provisions as it is applicable to the assured named in statement II of the schedule of statements, to any person while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy, and with the permission of the named assured, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant. Such insurance shall also extend to any person, firm or corporation legally responsible for the operation of such automobile provided, however, that no coverage afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof."

That clause was incorporated into the policy pursuant to the provisions of sec. 204.30 (3), Stats. 1933. That section contains the following proviso:

"Provided, however, that no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and/or the agents or employees thereof."

The proviso contained in the policy and the proviso contained in the statute are practically identical. The word "coverage" contained in the policy clause was in the statute prior to the adoption of ch. 487, Laws of 1933, which chapter simply enacted a revisor's bill and obviously intended no change in the law. By that chapter, the word "insurance" was substituted for the word "coverage." The meaning of sec. 204.30 (3), particularly the proviso contained therein, is not clear. To ascertain the legislative intention is our particular task.

Did the legislature intend by the proviso to provide that the extended insurance coverage provision need not be contained in a policy issued in this state to a public automobile garage, automobile repair shop, sales agency, or service station? That is perhaps not its obvious meaning when the whole section is considered. However, that was the construction which this court in effect gave to the proviso in *Mauel v. Wisconsin Automobile Ins. Co.* 211 Wis. 230, 248 N. W. 121, influenced as the court was by the fact that the insurance commissioner of this state had so practically construed sec. 204.30. This court followed the practical construction of the commissioner of insurance and held that policies issued to a public garage, etc., need not contain the extended insurance provision. That construction did not give particular weight to the language "and/or the agents or employees thereof." When the decision in the *Mauel Case* was handed down in 1933, the legislature was in session and

continued in session for several months thereafter. If the presumption may be indulged that the legislature promptly takes note of the decisions of this court which construe its acts, it might with reason be asserted that the court correctly expressed its intention, since sec. 204.30 (3) was not amended by that legislature. Such assertion might be further fortified by the fact that the legislature met in regular session in 1935 and did not then amend sec. 204.30 (3). However, the legislature may have considered that the decision in the *Mauel Case* was correct in so far as it held that policies issued to public garages, etc., need not contain the extended insurance provision.

The insurance commissioner has continued to approve of the issue to public automobile garages, etc., of policies which do not contain the extended insurance provision.

Did the legislature also intend by the proviso to provide that the extended insurance provision, which clearly must be contained in the ordinary owner's policy, should not cover the automobile described therein, while it is being operated by a public garage, etc., or the agent or employees thereof? It was so held in *Paine v. Finkler Motor Car Co., ante,* p. 9, 264 N. W. 477. While either the construction given to the statute in the *Mauel Case* or that given to it in the *Paine Case* is permissible, the holdings are not necessarily inconsistent. The law is obviously ambiguous and much may be said in support of each construction.

In the absence of insurance coverage, it is elementary that the owner of an automobile is liable only for his own negligence or that of his agent or employee while the latter is acting within the scope of his employment. *Crossett v. Goelzer,* 177 Wis. 455, 188 N. W. 627; *Zeidler v. Goelzer,* 191 Wis. 378, 211 N. W. 140; *De Forest Dairy Co. v. Friedrich,* 202 Wis. 251, 232 N. W. 543; *Kruse v. Weigand,* 204 Wis. 195, 235 N. W. 426. He is not liable for the negligence of

the owner of a garage, or his agent or employee, while operating his automobile, not as his agent but as an independent contractor. The risk which the law puts upon the owner of an uninsured automobile is, upon principles of justice and good sense, no longer his when he turns his automobile over to a garage, repair shop, or service station for repairs or servicing. *Woodcock v. Sartle,* 84 Misc. 488, 146 N. Y. Supp. 540; *Perry v. Fox,* 93 Misc. 89, 156 N. Y. Supp. 369; *Thorn v. Clark,* 188 App. Div. 411, 177 N. Y. Supp. 201; *McCloskey v. Nagel,* 206 App. Div. 467, 202 N. Y. Supp. 34; *Rich v. Holmes,* 104 Vt. 433, 160 Atl. 173; *Sweetnam v. Snow,* 187 Mich. 414, 153 N. W. 770; *Woods v. Bowman,* 200 Ill. App. 612; *Marx v. Cornish,* 11 N. J. Misc. 637, 167 Atl. 739; *Rogers v. Boyers,* 114 W. Va. 107, 170 S. E. 905; *Wooley v. Doby,* 19 Ga. App. 797, 92 S. E. 295; *Segler v. Callister,* 167 Cal. 377, 139 Pac. 819; *Freeman v. Southern Life & Health Ins. Co.* 210 Ala. 459, 98 So. 461; *Ouellette v. Superior Motor & Machine Works,* 157 Wis. 531, 147 N. W. 1014. Whenever an automobile is turned over by its owner to a garage or repair shop, the owner of the garage or repair shop, while operating the automobile in the promotion of his own business, ought in reason to bear the burden of the risks connected therewith. These principles tend to support the construction given to the proviso in the *Paine Case.*

In both the *Mauel* and *Paine Cases* due weight was probably not given to the force or effect of the first sentence of sec. 204.30 (3):

"No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows."

The "such policy" obviously referred to was a "policy of insurance against loss or damage resulting from accident or injury to a person, and for which the insured is liable,

or against loss or damage to property caused by animals or by any motor vehicle, and for which the insured is liable." Sec. 204.30 (1). The policy which the legislature no doubt had in mind when it enacted sec. 204.30 (3) was one insuring the ordinary owner of an automobile against public liability and property damage for which he was legally liable or on principles of justice should be held liable. As stated in the *Mauel Case,* the enactment of the extended insurance coverage provision followed hard upon the decision of this court in *Lucas v. Mueller,* 183 Wis. 529, 198 N. W. 286, in which this court upheld a named-driver policy issued to the owner of an automobile. In that case the assured owner was riding in the front seat of an automobile with a companion who was driving when the accident occurred. The policy there was limited to the assured and consequently the driver companion was not within the coverage of the policy. "The owner," which the legislature probably had in mind, was the ordinary owner who has title to a motor vehicle, who operates it for his own business or pleasure, and who permits others so to do. If the legislature intended that the extended insurance provision should be contained only in policies issued to ordinary owners of automobiles and did not intend the words, "the owner" to include garages, sales agencies, service stations, etc., where cars are kept for sale or are temporarily possessed for repairs, servicing, etc., then the meaning of the law becomes clear and the intent of the legislature plain. That such was the meaning intended by the legislature seems sufficiently clear, in our opinion, to adopt, pending an amendment of sec. 204.30 (3) making clear its intention.

So construing the law irons out the apparent inconsistencies in the holdings in the *Mauel* and *Paine Cases,* is in accord with the practical construction given to the statute by the insurance commissioner, which permits insurance com-

panies to issue policies to public garages, etc., which do not contain the omnibus or extended insurance provision, and harmonizes our holding in the *Paine Case* with the holdings of other courts which have construed clauses similar to our extended insurance provision as excluding public garages, etc., from such extended insurance coverage. *State v. Fidelity & Casualty Co.* 156 Md. 684, 686, 688, 145 Atl. 182; *Wendt v. Wallace,* 185 Minn. 189, 240 N. W. 470, 471; *Alberga v. Pennsylvania Indemnity Corp.* 114 Pa. Super. 42, 173 Atl. 697, 698; *Public Indemnity Co. v. Yearwood,* 50 Ga. App. 646, 179 S. E. 232, 233.

In our opinion, the circuit court was right in affirming that part of the judgment of the trial court which dismissed the complaint as to the defendants Massopust and Milwaukee Automobile Insurance Company. The extended insurance coverage provision contained in Massopust's policy did not cover his automobile while it was being operated by Kitzerow in carrying on his business of servicing automobiles.

*By the Court.*—Judgment affirmed.