MILDRED BLAKE, Plaintiff, *v.* CARL SALMONSON, as President of the Onondaga Farm Bureau, et al., Defendants.

Municipal Court of the City of Syracuse, December 30, 1946.

*Irving P. Schwartzman* for plaintiff.

*James Hickey* for Carl Salmonson, as president, defendant.

*Philip Hillsberg* for George McMann, defendant.

McClusky, J. This in an action in negligence arising out of an unusual set of circumstances. The Onondaga Farm Bureau, hereinafter termed the Bureau, is an unincorporated association of seven or more members. The Bureau was the owner of a 1941 Buick car. For some time prior to the accident the Bureau assigned this car to the use of an employee, James Foster, for the carrying out of the duties assigned to him. On the morning of September 17, 1946, Mr. Foster brought the Buick to the repair garage of the defendant McMann, located on the west side of South McBride Street in this city, to have the front wheels aligned. After conferring with McMann, Foster, accompanied by him, drove back to the Federal Building and McMann then drove the Buick back to the garage and he parked the car on an inclined entrance to the garage, setting the emergency brake. He instructed O'Kelly, an employee, to align the front wheels of the car.

Later in the day about 3:30 P.M. O'Kelly moved the car to another entrance beyond which was located a Weaver aligning machine. This device consists of a set of parallel tracks raised from the floor about fourteen inches, equipped with gauges and devices for determining the deviation, if any, of the wheels and operating apparatus. The car is placed upon the machine by its own power being driven up a pair of steel ramps some three to four feet long and leading to the tracks of the machine.

The plaintiff was riding in the front seat of her own car at this time. The car was being driven north on South McBride Street by her son. Cars were parked on the east side of South McBride Street. To the north of the garage previously mentioned Washington Street runs east and west. A stop sign

controls traffic on McBride. Ahead of the Blake car was another car which was slowing down for the stop sign. The Blake car slowed down to somewhere in the neighborhood of 10 to 15 miles per hour. As the plaintiff's car came opposite the northern entrance of the garage, the Bureau's car backed out of the McMann garage without an operator in it and ran into the left rear of the plaintiff's car causing the damages complained of.

The two defendants appeared by different attorneys and filed different answers. The Bureau's defense is (1) that damage, if any, was caused by no act of its agents or employees and (2) that the car was not being operated by anyone to bring it within the purview of section 59 of the Vehicle and Traffic Law of this State.

Section 59 imputes liability to the owner of a car being operated on a public highway. The presence of a car on the public highway does not necessarily imply that it is being operated. " To operate " according to Webster's New International Dictionary means " To put into, or to continue in, operation or activity; to manage; to conduct; to carry out or through * * *." It necessarily implies the agency of a rational being with the intent to carry the activity through to the accomplishment of the original purpose of moving or operating. In the instant case the Buick car was on the aligning machine, motor off, brake set, no one in it and the car rolled back and into the street. Clearly it was not being operated at the time that the motion commenced, nor was it intended to be operated at that time. Nor was it an operation such as is contemplated under section 59 of the Vehicle and Traffic Law. The negligence, if any, occurred not on a public highway but on private property. It cannot be presumed that the Bureau ever contemplated that its car would be permitted to be projected into the street in the manner described. The situation is apparently one of those exceptions contemplated by the court in the case of *Zuckerman* v. *Parton* (260 N. Y. 446).

A garage as such is not a public highway. The accident, if it had happened within the garage, would not have made the Bureau liable under the section mentioned. (*Sylvester* v. *Brockway Motor Truck Corporation*, 232 App. Div. 364.)

Can it be said that under the statute when the car rolled out beyond the west curb of South McBride Street that the owner became liable? The court can find no case exactly in point on this question. But it must be noted that until an instant before the impact no one was operating the car nor

was it in operation such as is contemplated under the law. The garage mechanic ran alongside the car and after it rolled into the street opened the left door, jumped in behind the wheel and applied the foot brakes bringing the car to a stop. The Bureau cannot be considered as contemplating that the car would be allowed to roll out of the garage and to have given its consent to such an unusual course of conduct.

This court is of the opinion that section 59 of the Vehicle and Traffic Law does not apply to the situation presented here. That being the case, the common law controls. The relationship existing is that of a bailor and bailee. The bailee is an independent contractor and the owner is not liable for the bailee's acts or the acts of the latter's workmen who may be negligent and cause injury to another.

From the weight of credible testimony the court is of the opinion that the plaintiff was free from any negligence causing or contributing to the accident.

The court finds that the defendant McMann was guilty of negligence which caused the accident.

Verdict for the plaintiff and against the defendant George McMann in the sum of $197.25, with costs. Verdict of no cause of action in favor of defendant Salmonson and against the plaintiff, with costs.