Frite W. Alexander, II, J.
These are unusual facts. The statutory law has undergone major revision since facts similar to these were last considered by the courts of this State.
The parties stipulated that “ Defendant’s employee, brought the car into the Flo Car Auto Wash [hereinafter c Car Wash ’]. The car was attached to a tow line and towed without its operator, through the ear wash. When it emerged from the wash, it suddenly rolled down an incline, without operator, and its engine not engaged, and struck plaintiff’s car parked by the curb.” Plaintiff’s subrogee is suing defendant for property damage.
Defendant delivered the vehicle into the exclusive custody and control of the car wash. Clearly the vehicle would not have run' away had the car wash through its employees kept it under control as they were duty-bound to do under the laws of this state. Clearly plaintiff was not guilty of contributory negligence. It is therefore appropriate to infer the negligence on the part of the car wash by application of the doctrine of res ipsa loquitur. (See, e.g., Shanon v. State of New York, 29 A D 2d 1024.)
The ear wash is an independent contractor to whom defendant’s vehicle was entrusted for a specific purpose. Tinder the common law its negligence would not be imputable to the defendant. (See Blake v. Salmonson, 188 Misc. 97; and Perry v. *899 Fox, 93 Misc. 89.) However the enactment of section 59 of the Vehicle and Traffic Law (the predecessor of Vehicle and Traffic Law, § 388) has somewhat restricted the common-law rale. The statute, as it existed in 1933, imputed to the owner of a vehicle operated upon the public highways, the negligence of one who used or operated it with the owner’s express or implied permistión. In that year, the Court of Appeals ruled that where aai owner leaves his automobile with a garageman for repairs and he knows or has reason to know or to believe that the car is or will be used upon the public highway by the garage contractor in the necessary performance or execution of that work, then, in such a case, the use of the vehicle is with the implied permission of the owner and he is liable for the negligence of the garage-man. (See Zuckerman v. Parton, 260 N. Y. 446.)
Absent the fact that the negligence here occurred not on the public highway but on private property (a factor discussed below), there is no reason, for the application of a different rule here. The defendant’s vehicle was delivered to the ear wash for a limited purpose. The vehicle ran away while it was being operated in the necessary execution of that work.
We turn then to the ultimate question as to whether or not, under section 388 of the Vehicle and Traffic Law, as amended, the negligence on private property of an independent contractor is imputed to the owner of the vehicle.
While Blake v. Salmonson (188 Misc. 97, supra), decided in 1946' and cited by the defendant, presented facts virtually identical with those in the instant case, it can no longer be regarded as representing the law in this State. Blake reasoned that the predecessor to section 388 of the Vehicle and Traffic Lav/ was limited to negligence occurring on the public highways, and therefore when the negligence occurred on private property the common-law rule applied. Upon the recommendation of the Law Bevision Commission the statute was amended in 1958 expressly to extend the application of that section to the use or operation of motor vehicles “ in this state.” (1958 Report of N. Y. Law Rev. Comm., pp. 593, 596.) The obvious import of the amendment was to bring the negligent use or operation of motor vehicles on private property within the ambit of the imputed negligence rule. By extension, any user of a motor vehicle who has the owner’s permission, would receive the benefit of the owner’s compulsory automobile insurance coverage.
On the law and the facts therefore, I find for the plaintiff and against the defendant in the stipulated amount of $244, together with interest, costs and disbursements.