Peter A. Quinn, J.
In -this article 78 proceeding the petitioner seeks a judgment annulling* respondent’s determination of April 11, 1973, that he is ineligible for continued' occupancy in Tilden Houses, ia public housing project owned and operated by respondent. The determination of the respondent was reached after a hearing, 'conducted in accordance with the procedural standards adopted by the respondent in compliance with Escalera v. New York City Housing Auth. (425 F. 2d 853, cert. den. 400 U. S. 853 [consent decree docketed March 25, 1971]).
The charges upon which the .respondent conducted the specified hearing were the following: (1) petitioner’s son, on January 18, 1972, was unlawfully in possession of a loaded pistol upon the project premises; (2) ;at the same time and place petitioner’s son also possessed a copper pipe containing residue of alleged marijuana, (3) as a result of the foregoing, on March 18, 1972, petitioner’s son was indicted by the Kings County Grand Jury for the crimes of possession of a weapon as a felony and criminal possession of dangerous drugs, sixth degree; and (4) on June 26, 1972, in connection with the above indictment, peti *1022 tioner’s ison pleaded guilty to attempted possession of a dangerous weapon, a class E felony, in ¡Kings County ¡Supreme Court. At ¡the hearing, held by the respondent on March 22, 1973, records of the criminal proceedings against petitioner’s son were ¡submitted into evidence, .and the arresting housing* .authority police officer appeared and testified that on January 18, 1972, petitioner’s .son was arrested at 4 p.m. with four .rounds of ammunition, a silver handled pistol ¡and apipe containing alleged drugs. A laboratory ¡report was ¡submitted stating that cannabis was present in the pipe.
Petitioner does not deny any of the allegations and findings regarding his ¡son’s apprehension on the project premises, while in possession of a pistol and a quantity of marijuana. He, however, predicates ¡this application upon the allegation that on February 9', 1973, Mr. Justice Aaron Koota, sitting in New York Supreme Court, Kings County, Criminal Term, Part I, adjudicated the petitioner’s ¡son a youthful offender and thereby vacated the aforesaid conviction. (CPL 720.20.) In this regard CPL 720.35 provides:
“ 1. A youthful offender adjudication is not a judgment of conviction for a crime or any other offense, ¡and does not operate as a disqualification of any person so adjudicated ito hold public office or public employment or to ¡receive any license granted by public authority.
6 ‘ 2. Except where specifically required or permitted by statute or upon ¡specific ¡authorization of the court, all official records and papers, whether on file with the court, a police agency or the division ¡of .criminal justice ¡services, relating* to a case involving a youth who has been adjudicated a youthful offender, are confidential and may not be made available to ¡any person or public or private agency, other than an .institution to which such youth has been committed, or a probation department of this state that requires ¡such official records and papers for the purpose of carrying out duties ¡specifically authorized ¡by law. ’ ’
The allegation of petitioner ¡that 'his ¡son received a youthful offender adjudication is put in issue by the respondent who denies knowledge or information sufficient ito form a belief. There is not competent proof offered on this proceeding to show that such an adjudication was had. But even if it were to be ■assumed that the criminal records of petitioner’s ¡son were not. properly before the respondent (CPL 720.35, subd. 2), and the respondent should not have considered his conviction, the respondent nonetheless had the authority to consider the facts and circumstances .surrounding petitioner’s ¡son’s arrest, and to *1023 ■receive testimony regarding that arrest. In Cacchioli v. Hoberman (31 N Y 2d 296, 297), where CPL 720.35 was considered in the context of a prospective employer’s right to inquire of offenses of a youthful offender, Judge Jasen observed in his concurring opinion:
“ While it is true that section 720.35 of the Criminal Procedure Law provides that official records of a youthful offender adjudication are confidential and may not be made available to •a public or private employer unless .specifically permitted by statute or ¡upon specific authorization of the court, the statute, by its express terms, is restricted to the public .records of the adjudication. Section 720.35 does not prevent the employer from requiring disclosure of youthful offender adjudication on employment applications, or of commencing its own independent investigation into the applicant’s fitness and qualifications, which investigation could include misconduct and arrests underlying the applicant’s youthful offender adjudication.” Similarly, the respondent properly considered the circumstances surrounding petitioner’s son’s arrest, and its conclusions regarding those circumstances ¡adequately support its finding that the petitioner is ineligible for continued occupancy in Tilden Houses. That finding is neither arbitrary nor capricious and the court may not substitute its judgment for that of the respondent (Lloyd v. Golar, N. Y. L. J., July 16, 1973, p. 2, col. 4; Knight v. Golar, N. Y. L. J., Aug. 6, 1973, p. 2, col. 3; Matter of Portugues v. Golar, 75 Misc 2d 898).
Petitioner’s application is denied and respondent’s cross motion to dismiss the petition is granted.