OPINION OF THE COURT
Burton S. Sherman, J.
This special proceeding to permanently stay a “no-fault” automobile insurance arbitration (Comprehensive Automobile Insurance Reparations Act, Insurance Law, § 670 et seq.) comes before the court on a stipulated submission of facts executed by both counsel pursuant to CPLR 3222.
The issue is one of liability and coverage under the automobile insurance policy in question, namely, whether the respondent was injured and suffered a loss arising out of the use and operation of petitioner’s assured automobile. The facts are that a motor vehicle insured by the petitioner was legally parked at a curb, in the vicinity of 163 East 108th Street, in New York County. Another vehicle owned by a Karen Gilliard and driven by a George Owens went out of control, ran into the petitioner’s insured parked car causing *1021 it to be moved onto the sidewalk, striking the respondent pedestrian. The said respondent settled a claim asserted against MVAIC for $9,500 and now seeks to recover “no fault” benefits under the petitioner’s policy.
Initially the respondent moved at Special Term for the same relief sought here and raised the same issues now raised before this court. Special Term directed that such arbitration be stayed pending determination at a preliminary trial “whether the conditions precedent to arbitrate have been satisfied”. There was no appeal from this order and it is the law of the case. Subsequently at pretrial the parties entered into the stipulation of fact which is presently before the court. Apparently this was done by the parties believing that the only issue presented to Special Term was the one of coverage and liability and this was what was set down for trial.
The conditions precedent to arbitration which the court must determine in a no-fault case are the same as arbitrations generally, namely, whether there is a valid agreement to arbitrate and, perhaps, the question of the Statute of Limitations (CPLR 7503, subds [a], [b]). However, all questions as to the extent of coverage and liability are for the arbitrators. (Matter of Nassau Ins. Co. v McMorris, 41 NY2d 701; Matter of Country-Wide Ins. Co. [Barrios], 48 NY2d 831; Insurance Law, §§ 673, 674.)
While CPLR 3222 provides a method for a submission before the court on agreed facts, it is implied that the court have subject matter jurisdiction of the controversy. Since the law of no-fault insurance is statutory (Insurance Law, art 18) and provides for arbitration, it is questionable whether this court has such jurisdiction. However, in view of the fact that the issue has been submitted by stipulation and I am bound by the law of the case, I shall entertain this application.
Section 672 (subd 1, par [a]) of the Insurance Law states, in part, that an owner of a motor vehicle shall be liable for the payment of first-party benefits to persons “for loss arising out of the use or operation * * * of such motor vehicle” (emphasis added). In this case it is not denied that the respondent was a pedestrian and therefore eligible to receive *1022 no-fault benefits. Since she was struck by a legally parked unoccupied car the question is whether her loss arose out of use or operation within the meaning of the no-fault statute.
In McConnell v Fireman’s Fund Amer. Ins. Co. (49 AD2d 676), a driver of a snowmobile which struck a legally parked car sought no-fault benefits. The court held that a parked car was not in “use” as required by the statute. Similarly, in Blake v Salmonson (188 Misc 97) the court held that an automobile which rolled off a wheel aligning machine was not being operated within the meaning of section 388 of the Vehicle and Traffic Law (also see its predecessor section 59). In that case the court used the dictionary meaning of “operate”. Thus, it has been held that a parked unoccupied vehicle is not in use or operation as required by the statute.
The court is mindful however that there may be times when an unoccupied parked vehicle would be covered under the no-fault statute. The policy of article 18 of the Insurance Law is to confer social benefits regardless of fault to those injured by motor vehicles. For this reason the court is reluctant to use traditional tort language in interpreting the statute. However, in the case before me the issue is not only whether the parked vehicle was in use and operation but whether such was the proximate cause of the respondent’s loss. The statute states that compensation will be provided for “loss arising out of the use or operation” (Insurance Law, § 672, subd 1, par [a],). “Arising” must mean proximate cause.
As stated in McConnell v Fireman’s Fund Amer. Ins. Co. (49 AD2d 676, 677, supra), “While authority broadly interprets the phrase ‘use or operation’ the determinative predicate in establishing liability therefrom would appear to be the designed purpose of the use or activity of the involved motor vehicle which is the proximate cause of the injury or.damage sustained” (emphasis added). In this case the use or operation of the motor vehicle was not the proximate cause of the accident. (Palsgraf v Long Is. R. R. Co., 248 NY 339.) The force of the other car striking the petitioner’s vehicle was the cause of the accident. This is further supported by the fact that the respondent recovered *1023 from MVAIC. In these circumstances, the court concludes that the respondent is not entitled to no-fault benefits. The petitioner shall have judgment accordingly.