# CHARLESTON.

CARLTON, CHAMBERLAIN & CO. v. MAYS & CO.

February 23, 1875.

1. A party complaining of the admission of improper evidence must state the facts or the evidence, in his bill of exceptions, from which it will appear, affirmatively, to the Appellate Court, that the evidence was improper.

2. Surviving partners are not assignees, in law, of their deceased partners, and the twenty-third section of chapter one hundred and thirty, of the Code, does not apply to actions against such survivors, where a party defendant is a witness to prove payment to a deceased partner during his life.

*Supersedeas*, granted on the petition of Ambrose Carlton and James H. Gardner, surviving partners of Carlton, Chamberlain & Co., to a judgment of the circuit court of Greenbrier county, rendered on November 3, 1873. The plaintiffs below were the said petitioners, and the defendants Jonathan Mays, William H. Montgomery and F. T. Montgomery. The material facts appear in the opinion of the Court.

The Hon. Homer A. Holt, judge of said circuit court, presided at the trial below.

*Price & Sperry* for the appellants.

*Robert F. Dennis* and *Mathews & Mathews* for the appellees.

PAULL, JUDGE:

In 1873, the plaintiffs' brought an action of assumpsit in the circuit court of Greenbrier county against the de-

fendants, for the recovery of an account for merchandise, and filed a declaration with the common counts. Defendants filed a plea of the statute of limitations, to which the plaintiffs replied generally. The issue was tried before a jury, and, from a bill of exceptions found in the record, we learn that at the trial the defendants introduced William H. Montgomery, one of the defendants, as a witness to prove transactions between him and William P. Chamberlain, one of the partners of the firm of the plaintiffs, who departed this life since the account accrued, the tendency of which was to prove payment of the account aforesaid to the said Chamberlain. To the introduction of said evidence, and to its admissibility, the plaintiffs objected; but the objection was overruled, and the evidence admitted. And this is the *first* cause of error assigned by the plaintiff. It is said there was no plea which would admit of such evidence; the statute did not admit of the evidence of payment. The bill of exceptions, however, states neither the facts proved or the evidence. In the case of *Johnson's Exor. v. Jennings' Admr.*, 10 Gratt. 1, the syllabus recites: " A party complaining of the admission of improper evidence must state the facts in his bill of exceptions, from which it will appear, affirmatively, to the appellate court that the evidence was improper." In that case, as in the case before us, a verdict was found for the defendant on a plea of the statute of limitations. On the trial a witness was asked a question, to the answering of which the plaintiff objected; but the objection was overruled, the question was answered, and the plaintiff excepted. The question was: " Do you know of any money received by John F. Johnson, the defendant, in his lifetime, for Philip Jennings?" It did not appear from the bill of exceptions what answer the witness gave to the question. Moncure, J., says, in delivering the opinion of the court: " In this case the court is asked to presume: first, that the question was answered, and then that the answer was of such a nature as to be inadmissi-

ble. But the answer could have no influence on the issue on the plea of the statute of limitations, on which alone a verdict was found for the defendant, and could not, therefore, have prejudiced the plaintiff." And the same observation may be made in this case, so far as the bill of exceptions sheds any light upon the character of the evidence. In the case of *Rowt's Admx. v. Kile's Admr.*, 1 Leigh 216, the court say : " But when we are called on to reverse the decision of a judge, it is incumbent on the party seeking this to show that there is error ; and to this end he ought to present to us such a case as shows the relevancy of the evidence rejected." This case is cited by Judge Moncure. We think this ground of error cannot be maintained, on the bill of exceptions, in view of that decision.

It is alleged, however, as a *second* ground of error, that the witness Montgomery, being one of the defendants, was not competent to testify to transactions between himself and William P. Chamberlain, one of the partners of the firm of the plaintiffs, who departed this life since the account accrued. It is claimed that the incompetency of the witness arises under the twenty-third section of chapter one hundred and thirty of the Code, which provides that a party shall not be examined in his own behalf in respect to any transaction or communication had personally with a deceased person against parties who are the executors, administrators, heirs at law, next of kin or assignees of such deceased person when they have acquired title to the cause of action from or through such deceased person, or have been sued as such executors, administrators, heirs at law, next of kin or assignees. In the margin of our Code it is said that the twenty-second and twenty-third sections of this chapter were mainly taken from the code of New York, and the judicial construction of these provisions, as made in the courts of that state, are there referred to. We do not suppose that it is absolutely imperative upon this Court to adopt the judicial interpretation given to this act by the courts of

*1875.
January Term.*

Carlton,
Chamberlain
& Co.
v.
Mays & Co.

New York, still, when our State has thus adopted the statutes of another state at a time when they had been judicially construed, it would seem natural to adopt such construction, fairly commending themselves to our consideration. The parties against whom Montgomery was called to testify are not the executors, administrators, heirs at law or next of kin of the deceased person; but it is claimed that they are assignees of such deceased person, deriving their title in some way by assignment from him, and that against them, as such assignees, the witness is incompetent to testify. This identical question arose in the case of *Harper v. Conklin, Survivor, &c.*, found in 44 New York 58, under the similar section in the code of that state, from which section twenty-three in our Code is taken. And the supreme court of appeals in that state *Held*, "that a surviving partner is not the assignee in law of his deceased partner, or of the firm effects, and that section three hundred and ninety-nine of their code did not apply to actions against such survivors." We see nothing objectionable in the reasoning on which it is founded, and adopt it as giving the law of the present case in that particular.

With these views, the judgment of the circuit court of Greenbrier county, rendered on the 3d day of November, 1873, is affirmed, with costs to the appellees.

The other Judges concurred.

JUDGMENT AFFIRMED.