KENNETH ROGERS *v.* LEE B. BOYERS

(No. 7520)

Submitted September 19, 1933. Decided September 26, 1933.

*M. M. Neely,* for plaintiff in error.
*Victor H. Shaw,* for defendant in error.

HATCHER, JUDGE:

This is an action for personal injuries resulting from a collision between plaintiff's motorcycle and defendant's automobile. A judgment for $849.80 was rendered for plaintiff. Defendant seeks a reversal, alleging that the evidence showed (1) plaintiff to have been contributorily negligent, and (2) defendant's car to have been under the control and authority of independent contractors (or bailees) at the time of the accident.

1. According to the plaintiff's evidence, the driver of defendant's car was responsible for the collision. Defendant's testimony was to the contrary. But plaintiff's evidence was given the preference by the jury, is ample to support the verdict, and that preference is binding on us.

2. At the time of the accident, defendant's car was being driven by one of two partners, who operate a car laundry. Defendant's second point depends on the relation of the driver to defendant at the time of the accident. That relation is established by the following circumstances: On the morning of the accident, defendant called the shop, recognized the voice of one of the partners, asked him to get the car, perform certain work upon it, and return it to defendant's home in the afternoon. Defendant did not designate who should work upon his car, or over what route it should be returned. The partner so requested got the car, assisted in the work, and while driving it to defendant's home had just tested the brakes (a part of the service) when the collision occurred. For about two years the partnership had been servicing defendant's cars, at approximately monthly intervals. Sometimes defendant himself would take the car to the shop; at other times, he would have one of the partners come and get the car, and in either event a partner would return the car. Calling for and re-delivering a car, if the customer desired, was incident to the service given the patrons of the laundry. Sometimes one partner would drive the customer's car, sometimes the other, usually depending upon which one received the order. No charge to the customer was made for this part of the service, it being done on the time and at the expense of the partnership to accommodate the customer and to beget good will for the business.

We said in *Greaser* v. *Oil Co.,* 109 W. Va. 396, 398, 155 S. E. 170, that the test of the relation between an employer and a workman was *the right of supervision.* If the employer has this right, the relation is that of master and servant; and if the employer has not this right, the relation is that of employer and independent contractor. Accord: *Klipstein & Sons Co.* v. *Commissioner,* 113 W. Va. 567, 169 S. E. 169. In the case at bar the defendant had surrendered the entire control of his car to the repairman while it was in his charge.

Consequently the repairman was an independent contractor. An employer is not liable for the negligence of an independent contractor. *Carrico* v. *Ry. Co.*, 39 W. Va. 86, 93, 19 S. E. 571; Moll on Independent Contractors, secs. 45, 46 and 51. "It appears to be well settled that where the owner of an automobile turns it over to a person not in his general employ, for repairs, and surrenders entire control to the repair man, he is not liable for an injury inflicted by the car while it is being operated by the latter, who is deemed to be an independent contractor." Annotation 18 A. L. R. 974. The following authorities on automobile law are in entire accord with the annotation: Berry (6th Ed.), sec. 1675; Babbitt (4th Ed.), sec. 1238; 7-8 Huddy (9th Ed.), secs. 129 and 130; Blashfield 1357.

Therefore the judgment of the circuit court is reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*