RUBY OAKLEY, *Administratrix v.* ROSCOE THORNBURY *et al.*

(Nos. 7568-7568-A)

Submitted October 10, 1933.  Decided October 17, 1933.

*Chas. L. Estep,* for plaintiff in error Roscoe C. Thornbury.
*C. C. Chambers* and *Bland & Joyce,* for defendant in error.

MAXWELL, PRESIDENT:

The defendants have been awarded writ of error to a judgment of the circuit court of Logan County for $10,000.00 in favor of the plaintiff, on verdict.

Plaintiff's decedent, her husband, a man of 26 years, was killed the morning of February 1, 1932, in a highway collision between the delivery truck which he was driving and a five-passenger sedan owned by defendant Thornbury and driven by defendant Minton.

Thornbury resided at the town of Wilkinson about two and one-half miles from the city of Logan. Minton and his partner, Ward, conducted a filling station, garage and repair shop at the village of Monitor Junction about midway between Wilkinson and Logan. In the evening of January 31, 1932, Thornbury had a conversation with Minton whereby arrangements were made for Minton to do certain repair work on Thornbury's automobile the following day. In the same con-

versation it was arranged that Thornbury's son, Edward, present at the time of the conversation, should drive the car the following morning to Logan where he was attending high school; that en route he should stop for Minton at his garage at Monitor Junction; that Minton should accompany him to the high school where Minton should take charge of the car and drive it back to his garage and there make the repairs. In pursuance of that arrangement, Edward, accompanied by a school boy companion, drove the automobile the following morning to Monitor Junction where Minton joined them and rode on the rear seat of the car to Logan; there, he moved into the driver's seat and started to drive the car toward his garage. When he had driven to within about a quarter of a mile of his garage, he says the thought came into his mind that he had failed to procure at Logan certain parts which he would need in repairing the automobile and that he slowed down to turn for the purpose of returning to Logan to get the desired parts. He started to leave the highway to his left where there was a broad level space suitable for turning. Plaintiff's decedent was approaching in the delivery truck from the opposite direction. He turned to the right. The truck and the sedan collided several feet off the 21-foot wide concreted portion of the highway. The impact was severe and resulted in the death of the driver of the truck.

There was a conflict of testimony as to whether Minton turned the sedan abruptly to the left when but a short distance from the approaching truck, or whether he started turning gradually to the left at a sufficient distance from the truck to have avoided a collision if the driver of the truck had continued on the hard surface of the highway. There was thus presented a matter peculiarly for jury determination. As to Minton, we perceive no reason why the verdict and judgment should be disturbed.

As to Thornbury, the determinative question is whether at the time of the accident Minton was acting as an independent contractor or as Thornbury's agent. Unless there existed the relationship of master and servant, there is no liability upon Thornbury.

After Minton took charge of the car at the high school his course of conduct was in no wise subject to the supervision

of Thornbury. Minton became bailee of the car. The legal situation is no different than if the automobile had been left at his place of business.

Counsel for Thornbury has pointed us to two very similar cases. The first: *Perry* v. *Fox,* 156 N. Y. Supp. 369. There, the owner of a car observing that the carburetor needed adjusting, went to a garage where a mechanic boarded the car and rode with the owner to the latter's destination where the mechanic took charge of the car for the purpose of driving it back to the garage for the adjustments to be made. En route the mechanic negligently injured the plaintiff. The court held that the mechanic was acting in pursuit of an independent calling and was not the servant of the owner at the time of the accident, therefore no liability on the owner. The other case mentioned is *Rich* v. *Holmes* (Vt.), 160 Atl. 173. In that case, an accident occurred while a garage man who had repaired a car was en route to make delivery thereof to the owner at a distant city in pursuance of request of the owner. It was held that the relationship of master and servant did not exist; therefore the owner was not liable for the result of the accident. The court said that the rule for the determination of the relationship between the owner and the driver of the car was whether the owner ''had the right to control not only the result, but also the means and methods adopted to accomplish that result.'' The court cites the case of *Kelley* v. *Lumber Co.* (Vt.), 113 Atl. 818, for the very clear statement that if the contract of employment is such that the owner may not only prescribe the result desired but may also control or direct the means and methods by which the work shall be done, the relationship of employer and employee, or master and servant, exists. But if under the contract the owner has specified the results only and the other party is left to his own election as to means and methods, the latter is an independent contractor and not an employee.

Our recent case of *Rogers* v. *Boyers,* 114 W. Va. 107, 170 S. E. 905, is directly in point. There, a garage man, after having repaired an automobile started to return it to the owner's home pursuant to arrangement, and on the way caused serious personal injury to the driver of a motorcycle in a collision therewith. We held that at the time of the

accident the garage man was acting in an independent capacity and not as an employee or servant of the owner, and therefore that the owner was not liable. Reference is here made to the authorities cited by Judge Hatcher in that opinion.

In consideration of these matters, we affirm the judgment against Minton and reverse the judgment and set aside the verdict as to Thornbury, and remand the case for a new trial as to him.

*Affirmed in part; reversed in part; case remanded.*