RICHARD L. GIBSON *v.* ST. PAUL FIRE & MARINE INSURANCE COMPANY

(No. 8258)

Submitted February 11, 1936. Decided February 26, 1936.

*John E. Jenkins,* for plaintiff in error.

*Vinson, Thompson, Meek & Scherr,* for defendant in error.

MAXWELL, JUDGE:

This is a writ of error to a judgment of the circuit court of Cabell County for $350.00 rendered on verdict in favor of Richard L. Gibson against St. Paul Fire & Marine Insurance Company.

The action is based on a policy of insurance covering the plaintiff's automobile. The protection of the policy was against fire, theft and transportation.

Plaintiff kept his automobile, when not in use, in Mullineaux's Garage in the city of Huntington. Late in the afternoon of August 4, 1934, he drove the automobile into the garage and left it. The proprietor of the garage had gone to supper, leaving an employee in charge. When the proprietor returned within about half an hour, he found that the employee had gone from the garage,

and that the plaintiff's car and some money in the cash register had disappeared. He at once called the police, who, in a little while, apprehended the employee in a distant part of the city. He was in plaintiff's automobile, and in trying to escape from the police he wrecked the machine. There was no contradiction of the plaintiff's testimony that the damage was $391.00.

The plaintiff relies on the theft coverage of the policy, but the defendant urges that there was not sufficient proof of theft. We are impressed that the circumstances are clearly indicative of theft. In the absence of explanation to the contrary, the facts presented constitute *prima facie* proof that the automobile was stolen. *Weir* v. *Central Nat'l. Fire Ins. Co.*, 194 Ia. 446, 189 N. W. 794. In such situation, the question of whether the employee intended to steal the property is a jury question. *Miller* v. *Newark Fire Ins. Co.*, 12 La. App. 315, 125 So. 150. A preponderance of evidence will sustain the point. Proof beyond reasonable doubt is not necessary as in a criminal prosecution. In the light of the uncontradicted testimony that after his arrest, the employee admitted he had stolen the automobile and was trying to escape with it from the community, the preponderance seems clear.

The court, over objection of the defendant, admitted the testimony of the clerk of the common pleas court of Cabell County that Jimmie Kincaid, the employee of Mullineaux's Garage who took the automobile, was subsequently indicted in the latter court for the theft of said property. This testimony was improper, but it was not prejudicially erroneous in the light of the fact that the theft was otherwise clearly established.

By its terms, the policy is made applicable to loss by theft, robbery and pilferage "excepting by any person, or agent thereof, or by the agent of any firm or corporation to which person, firm or corporation the Assured, or any one acting under express or implied authority of the Assured, voluntarily parts with the title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense * * * ."

It is urged by the defendant that the facts disclose that the plaintiff voluntarily parted with possession of the automobile within manner banned by the said exception, and, therefore, there can be no recovery.

The plaintiff says that he did not part with possession of the automobile within the meaning of the quoted exception; that he parted merely with temporary custody. While there is not complete accord among the courts in their holdings with respect to this problem, we are of opinion that the better reasoned and majority rule is that an exception such as is involved in the policy here in suit does not preclude recovery where the owner of an automobile has placed its custody temporarily with another person for a specific purpose such as shelter or repair. "The fact that the automobile has been voluntarily intrusted by the owner to the person taking it does not prevent the matter from coming within the terms of the policy, where the taker has merely the custody, and not possession, of the automobile; and even where by express exclusions in the policy the insurer is not to be liable for any taking by one in possession under the insured, the exclusionary clause, being construed most strongly against the insurance company, does not relieve it from liability where the taking is by a mere custodian." 6 Blashfield's Cyclopedia of Automobile Law & Practice, section 3717. Consult: *Allen* v. *Ins. Co.,* 105 Vt. 471, 168 A. 698, 89 A. L. R. 460; *Miller* v. *Ins. Co., supra; Weir* v. *Ins. Co., supra; Tripp* v. *U. S. Fire Ins. Co. of N. Y.,* 141 Kan. 897, 44 P. (2d) 236.

The cases properly emphasize the thought that the temporary care of property does not rise to the dignity of "possession" within the ordinarily accepted legal meaning of that term. Custody of things means to have them in charge—safekeeping. It implies temporary physical control merely, and does not connote domination, or supremacy of authority, as does possession in its full significance. Possession implies custody coupled with a right or interest of proprietorship. Possession is inclusive of custody, but custody is not tantamount to possession. Consult: 22 Ruling Case Law, p. 80; *Security Ins. Co.* v.

*Motor Co.,* (Tex. Civ. App.) 235 S. W. 617; *Emerson* v. *State,* 33 Tex. Cr. R. 89, 25 S. W. 289; *Shipp* v. *Patten,* 123 Ky. 65, 93 S. W. 1033; *Allen* v. *Ins. Co., supra; Tripp* v. *Ins. Co., supra.*

Our case of *Shelton* v. *Fire Ins. Co.,* 115 W. Va. 268, 174 S. E. 887, relied on by the defendant, is not decisive of the question of possession herein presented. In that case a man was employed to wash an automobile. After washing it, he started to drive it to a nearby town to obtain polishing wax. En route, he wrecked the automobile. The owner sued on a theft policy. The basis of our decision denying recovery was that the facts did not disclose theft. See point one of the syllabus. The observations in the opinion and in point three of the syllabus in respect of delivery of possession were not necessary to a decision and must be deemed obiter. In so far as such statements are at variance with the holding herein, they are disapproved and overruled.

Thus having reached the conclusion that there is no prejudicial error disclosed by the record, we affirm the judgment.

*Affirmed.*