MORRIS CONANT *f.b.o.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA *vs.* EDWIN R. GIDDINGS.

MAY 28, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.  This is an action of trespass on the case for negligence brought by the plaintiff Conant, for the use and benefit of the Indemnity Insurance Company of North America, to recover from the defendant money to reimburse the insurance company for a payment which it had made to

a third person under a public liability insurance policy issued by such insurance company and covering an automobile owned by Conant. The case was heard by a justice of the superior court sitting without a jury. He rendered a decision for the defendant and the case is now before us on the plaintiff's exception to such decision.

The instant case is based upon the following facts appearing in evidence. On December 2, 1936, Conant owned and had registered in his name an automobile on which he had coverage under a policy issued by the above-mentioned insurance company. About 9 o'clock, a. m., on that date the defendant, who conducted an automobile service station in East Providence, went to Conant's home in Providence at his request in order to drive the automobile in question to the defendant's service station to be lubricated. The defendant obtained Conant's car, and thereupon drove it in the direction of East Providence. On the way to the service station, while Crossing Red Bridge, so-called, Conant's automobile, operated by the defendant, who was alone, was in collision with a truck owned by Bailey & Grant, Inc.

The evidence showed that, when crossing the bridge in an easterly direction, the truck, which was also proceeding toward East Providence, was in its extreme right-hand lane; that Conant's automobile, traveling beside and in the same direction as the truck, passed the latter on its left; that the defendant then turned the automobile sharply to the right immediately in front of the truck, in order to get into the right-hand lane, thereby causing the right rear part of the automobile to strike the left front wheel of the truck. As a result of the impact the truck veered to its right and hit the side of the bridge, causing damage to the truck and the shaking up of its driver. The defendant testified that he was compelled to hasten past the truck and to turn sharply to his right in order to avoid colliding with a car which was proceeding in the opposite direction across the bridge, and which had just cut out of line. There was evidence that the

bridge was not wide enough for four lanes of traffic. There was other evidence in the case to the effect that no car proceeding westerly cut out of line, as described by the defendant.

Following the accident Bailey & Grant, Inc. made a claim against Conant, as owner of the automobile, for approximately $250 based on the damage to its truck. This claim the insurance company, after negotiations, settled by the payment of $192.39, which included a small sum to cover medical attention for the driver of the truck. The present action is brought to recover from the defendant the sum so paid by the insurance company.

The policy involved in the present case, and issued by the said insurance company to Conant, by its terms obligated that company "to pay on behalf of the *insured* all sums which the *insured* shall become obligated to pay by reason of the liability imposed upon him by law", because of personal injury or property damage within certain limits. Conant was the named insured in the policy. It also contained the following clause: "In the event of any payment under this policy, the *company* shall be subrogated to all the *insured's* rights of recovery therefor and the *insured* shall execute all papers required and shall do everything that may be necessary to secure such rights."

The insurance company contends that the evidence shows that the accident in question was caused solely by the defendant's negligence; that the amount paid in settlement of Bailey & Grant's claim was reasonable; that, under the facts of this case and the law applicable thereto, there was a liability imposed by law upon Conant to pay Bailey & Grant's damages; and that the insurance company, having paid such damages, for and on behalf of Conant, under the terms of its policy issued to him, can now recover such payment from the defendant under the subrogation clause in such policy. The defendant takes the position that the liability of Conant to

pay Bailey & Grant's claim must be finally and duly established by a court in a proper proceeding, before the insurance company can obtain reimbursement from the defendant through Conant under the provisions of its policy.

Assuming, merely for the purposes of argument, that the evidence shows that the defendant's negligence was the proximate cause of the accident, and that the insurance company settled for a reasonable sum the claim of Bailey & Grant against the insured Conant, there still remains, in the circumstances of this case, the question whether there was any liability imposed by law upon Conant to pay the claim of Bailey & Grant because Giddings was the alleged agent of Conant at the time of the accident.

It is generally held, apart from statutory regulation, that a garageman, who takes an automobile to his garage to be worked upon, and over whom the owner of the automobile has no control as to the performance of the work or the operation of the automobile, is an independent contractor on his own business, and not a servant or agent of such owner, who is, therefore, not liable for any negligence of the garageman during such trip. The following are typical of the many cases so holding: *Onufer* v. *Strout,* 116 N. J. L. 274; *Johnson* v. *Selindh,* 221 Ia. 378; *Andrews* v. *Bloom,* 181 Ark. 1061; *Oakley* v. *Thornbury,* 114 W. Va. 188; *Siegrist Bakery Co.* v. *Smith,* 162 Tenn. 253.

In the instant case there was positive, uncontradicted testimony from the defendant to the effect that Conant gave no instructions as to how the work on his automobile was to be done, or how or by what route the automobile was to be driven to the defendant's service station, and that in these respects Conant had no control whatever over the defendant's conduct or actions. No testimony on this issue was presented on behalf of the plaintiff, and Conant was not a witness in the case.

84

The insurance company, however, apparently argues that it appears from the evidence that Conant was the registered owner of the motor vehicle operated with his consent by Giddings at the time of the accident; and that these facts, by reason of the provisions of public laws 1933, chapter 2046 (now G. L. 1938, c. 98, § 10), were not only *prima facie* evidence, but in effect conclusive proof, that Giddings was Conant's statutory agent in operating the motor vehicle and that Conant was wholly responsible for Gidding's conduct in that connection. The insurance company contends, therefore, that Conant, the named insured, was under an obligation imposed by law to pay for the damages caused to Bailey & Grant's truck by the defendant's alleged negligence.

Chapter 2046 reads in part as follows: "Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state and an action is begun to recover damages for injuries, arising to the person or to the property or for the death of a person, arising out of an accident or collision in which that motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was wholly responsible, and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant . . . ."

Assuming, but not deciding, that the insurance company could take advantage of this statute, in the circumstances of this case, under the subrogation clause in its policy, nevertheless we are of the opinion that it has misconstrued and misapplied the statute. That chapter has recently been construed by this court in two cases, viz., *Hill* v. *Cabral*, 62 R. I. 11 and *Gemma* v. *Rotondo*, 62 R. I. 293. In each of these cases it was pointed out that any defense tending to disprove the responsibility imposed by the statute in question was

open to a defendant owner of a motor vehicle, but that the burden in this respect was upon him.

Giving the insurance company, by reason of the subrogation clause in its policy, the benefit of all the *prima facie* evidence, to which it could possibly claim to be entitled in this case under the provisions of the statute above mentioned, the question of Giddings' relationship to Conant at the time of the accident was clearly one of fact, to be decided in the light of such statute and from all the additional facts and circumstances appearing in evidence. This question of fact had to be passed upon and decided by the proper tribunal before it could be definitely determined whether or not Conant was obligated to pay the claim of Bailey & Grant because of any liability imposed upon him by law, and whether or not the insurance company could succeed, by way of subrogation, in its present proceeding against Giddings.

In the instant case the trial justice decided that question of fact. A careful examination of his decision, taken as a whole, shows that he considered the *prima facie* evidence created by the statute, and also the positive and uncontradicted testimony, above referred to, given by the defendant on the point at issue. After so doing he found, in substance, that the defendant had overcome such statutory *prima facie* evidence and has established, under all the facts and circumstances herein, that he was not the agent of Conant at the time the accident took place, but was, in fact, an independent contractor on his own business.

The trial justice, therefore, gave a decision for the defendant because Conant, the insured, by reason of the above finding, would not be under any obligation imposed by law to pay the claim of Bailey & Grant for damages caused by Giddings, the independent contractor, for whose conduct in operating the motor vehicle in question Conant would not be responsible. As Conant was not legally liable to pay such

claim, neither was the insurance company so liable under the terms of its policy and, therefore, it could not maintain its present action against Giddings. We have considered the decision of the trial justice in the light of all the evidence in the case and find that such decision is not clearly wrong. Therefore, under our well-established rule in such circumstances, we do not disturb his decision.

The insurance company relies on *Haun* v. *LeGrand*, 268 Mass. 582, two cases tried together, as supporting its contention that Conant was, under the circumstances, obligated to pay damages to Bailey & Grant by reason of a liability imposed upon him by law.

The holding in the above cases and our decision herein are not inconsistent. In the Massachusetts cases, in which injured parties were suing directly the defendant owner of a motor vehicle, without involving an insurance company's claim for subrogation to the rights of its insured, the triers of the facts found on the evidence submitted to them that the garageman, at the time of the accident involved, was the agent of the owner, who was, therefore, liable for his agent's conduct. In the case at bar, however, as we have indicated, the trier of the facts found from all the evidence before him that the garageman was not the agent of the owner of the motor vehicle, when the accident in question occurred, but was an independent contractor for whose conduct in operating that vehicle the owner was not responsible. In each instance the determinative question was one of fact.

For the reasons above set out we do not find any error in the decision of the trial justice.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Clifford A. Kingsley, Francis V. Reynolds, Hailes L. Palmer,* for plaintiff.

*Sisson & Fletcher, Fred Brosco,* for defendant.