DOCK STEVENS

*v.*

ERNEST D. FRUMP, *et al.*

(No. 10092)

Submitted February 1, 1949.   Decided

February 22, 1949.

*Jackson, Kelly, Morrison & Moxley, W. T. O'Farrell* and *A. L. Blair,* for plaintiffs in error.

*Lilly & Lilly, A. A. Lilly* and *R. G. Lilly,* for defendant in error.

LOVINS, JUDGE:

E. D. Frump and Victor D. Frump prosecute a writ of error to the judgment of the Circuit Court of Kanawha County, refusing a writ of error and supersedeas to the judgment of the Court of Common Pleas of said county, rendered on a verdict for Dock Stevens, plaintiff, in the amount of seventy-five hundred dollars, against E. D. Frump, Victor D. Frump, and Mrs. Lelah Ingram, defendants. Mrs. Ingram is not a party to this writ of error.

This action arose as a result of a highway accident, which occurred January 2, 1947, on State Route No. 35, a short distance west of the City of Charleston. Plaintiff, while walking on said road, was struck and severely injured by an automobile driven by Mrs. Ingram. The judgment pronounced by the Court of Common Pleas of Kanawha County is not challenged by the defendant Mrs. Ingram on any ground, nor do the other two defendants complain of such judgment on any grounds other than those hereinafter stated. Therefore, it is unnecessary to state the facts relative to the accident.

Th automobile driven by Mrs. Ingram was owned by E. D. Frump & Company, allegedly a partnership composed of defendants, E. D. Frump and Victor D. Frump, which hereinafter will be referred to as the "Company". The existence of said partnership is denied by testimony introduced in the trial court, but no question relative thereto is raised in this Court, and for the purposes of this opinion we shall treat the Company as a partnership.

The Company operated a used automobile sales business and garage in the Town of Dunbar. For approximately two years preceding the time of the accident the Company had been accustomed to discount notes taken for deferred purchase payments on used automobiles through the Charleston Finance Company. The defendant, Mrs. Ingram, was an employee of the finance company, her principal duties being those of credit investigator.

In December, 1946, defendant, E. D. Frump, telephoned Mrs. Ingram, and gave her the name of a prospective purchaser of a Packard automobile owned by the Company. He advised Mrs. Ingram that said purchaser would desire a three hundred dollar loan, if he purchased the automobile, and requested Mrs. Ingram to investigate the credit of such purchaser, so as to ascertain whether the finance company would discount his note. Shortly thereafter, Mrs. Ingram apprised E. D. Frump that the loan would be approved. At the time he was given information of the approval of the loan, E. D. Frump advised Mrs. Ingram that the prospective purchaser's wife objected to the purchase of the automobile. E. D. Frump thereafter informed Mrs. Ingram that he intended to go to the State of Ohio to spend the Christmas holidays with his family, and that he desired the Packard automobile sold during his absence. He thereupon proposed that Mrs. Ingram undertake to sell the automobile, and agreed that the Company would pay her fifty dollars in the event she sold the automobile, or twenty-five dollars if she was unable to effect a sale. E. D. Frump suggested that Mrs. Ingram talk with the wife of the prospective purchaser in an effort to remove her objections to the purchase of the automobile, and stated that, if such objections could be removed, he felt the sale could be made.

E. D. Frump also authorized Mrs. Ingram, in the event the sale to the prospective purchaser "fell through," to sell the car to any other person. Mrs. Ingram accepted the proposition, and some time thereafter E. D. Frump delivered the automobile to Mrs. Ingram, together with the keys to the ignition switch and title papers to the automobile which had been signed in blank by E. D. Frump on behalf of the Company.

Mrs. Ingram was unable to make sale to the prospective purchaser, and likewise failed to make a sale to another person. Upon E. D. Frump's return to Dunbar, he was so informed. It is not clear from the record whether Mrs. Ingram telephoned E. D. Frump, or whether

he telephoned her. In any event, on January 2, 1947, a telephone conversation was had between them, during which E. D. Frump directed Mrs. Ingram to return the automobile to the Company garage in Dunbar, which she agreed to do that night immediately after her evening meal. While she was driving the automobile from Charleston to the Company's garage in Dunbar, the accident occurred on which plaintiff's action is based.

Plaintiff offered no instructions. Defendants tendered seven instructions. Instructions Nos. 1A, 1B, and 1C, which would have instructed the jury to find for each of the defendants, E. D. Frump, Victor D. Frump, and Lelah Ingram, were refused. Defendants' instruction No. 4, likewise refused, would have submitted to the jury the question whether Mrs. Ingram was the servant, agent or an independent contractor in her relation to the Company. Instruction No. 2 was given as modified, without objection to the instruction or the modification thereof, and instructions Nos. 3 and 5 were given as tendered.

The two defendants prosecuting this writ of error challenge the judgment rendered by the Court of Common Pleas of Kanawha County on two grounds only: (1) That the question whether Mrs. Ingram was their agent or servant, or an independent contractor should have been submitted to the jury by giving their instruction No. 4; and (2) that the record shows, as a matter of law, that Mrs. Ingram was an independent contractor, and, therefore, the doctrine of *respondeat superior* has no application, which question is raised by the offer and refusal of peremptory instructions Nos. 1A and 1B.

The doctrine of compelling the master to answer for the negligence of a servant has been long established as a sound principle. See *Cochran v. Michaels*, 110 W.Va. 127, 157 S.E. 173, for an instructive discussion of the doctrine of *respondeat superior*. Of course, there are distinctions between the essential characteristics of an agent and a servant and "a person may be an agent as

to one branch of a transaction and a servant as to another." See 1 Mechem on Agency, Second Edition, Sections 36 and 37. Such distinctions, however, are usually immaterial. *Idem,* Section 38. In so far as liability to third persons for torts is concerned, the doctrine of *respondeat superior* has long been applied to the relationship of principal and agent as well as to the relationship of master and servant. *Gregory's Adm'r v. O. R. R'd Co.,* 37 W.Va. 606, 614, 16 S.E. 819. But the doctrine of *respondeat superior* is not applied to the relationship of employer and independent contractor. *Rogers v. Boyers,* 114 W.Va. 107, 170 S.E. 905; *Carrico v. W.Va. C. & P. R'y Co.,* 39 W.Va. 86, 93, 19 S.E. 571.

Determination of whether there exists the relationship of master and servant, or employer and independent contractor, is a question of law for the court, if only one reasonable inference may be drawn from the uncontroverted facts. *Rice v. Material Co.,* 120 W.Va. 585, 2 S.E. 2d 527. See *Sulphur Springs v. Lynch,* 93 W.Va. 382, 116 S.E. 685. We think the holding in the *Rice* case is sound, although the opinion of this Court in *Hicks v. Quarries Co.,* 116 W.Va. 748, 182 S.E. 888, seems to embody a different view of the same question.

The evidence relative to the relationship of the Company to Mrs. Ingram is not disputed, and was introduced by defendants. In the circumstances of this case, there is only one reasonable inference to be drawn from the undisputed testimony, and, therefore, whether Mrs. Ingram was an independent contractor, agent or servant of the Company was a question of law for the court. There being no issue to submit to the jury, defendants' instruction No. 4 was properly refused.

There is authority in other jurisdictions for the proposition that when a person is given entire and exclusive control of an automobile by the owner for the purpose of sale, such person is an independent contractor, and not a servant of the owner. *Simril v. Davis* (Ga.), 155

S.E. 790; *Potchasky v. Marshall,* 207 N.Y.S. 562. See *Stamper v. Jesse* (Ky.), 250 S.W. 1008; *Saums v. Parfet* (Mich.), 258 N.W. 235. In this jurisdiction the question whether such salesman would be an independent contractor has not been decided, nor do we think it necessary to express any views on such question in this case. But it should be pointed out that this Court has held that the negligent driver of another's automobile is presumed to be the servant or agent of the owner. *Jones v. Cook,* 90 W.Va. 710, 111 S.E. 828.

Furthermore, it should be pointed out that Mrs. Ingram was to receive twenty-five dollars compensation regardless of whether she sold the automobile. This, together with the fact that she was directed to the wife of the prospective purchaser, might indicate that E. D. Frump at least had the right to direct and supervise her activities, and, therefore, she would be the servant of defendants. But, as stated above, we express no opinion as to what the relationship was between the Frumps and Mrs. Ingram while E. D. Frump was in the State of Ohio. Our only concern here is the relation of the parties at the time of the accident.

When E. D. Frump ascertained that the automobile had not been sold by Mrs. Ingram, he directed her to return the automobile to the Company's garage in Dunbar. This, in itself, was the exercise of supervision over her movements. He claimed the right to supervise, and she aquiesced in such claim by attempting to perform the physical act of driving the automobile from the City of Charleston to the Town of Dunbar. In *Greaser v. Oil Co.,* 109 W.Va. 396, 155 S.E. 170, this Court laid down a test for determining the relationship of master and servant in the following language: "The test of the relation between one having work done and the workman consists in the employer's right or lack of right to supervise the work. If that right exists, the relation is that of master and servant. If that right does not exist, the relation is that of employer and independent contractor."

To the same effect are *Rogers v. Boyers,* supra; *Oakley v. Thornbury,* 114 W.Va. 188, 171 S.E. 426; *Malcolm v. Service Co.,* 118 W.Va. 637, 191 S.E. 527; *Ferguson v. Pinson,* 131 W.Va. 691, 50 S.E. 2d 476. The right to control is the test, and it is unnecessary that such control be exercised. *Meyn v. Auto Co.,* 118 W.Va. 545, 191 S.E. 558. It is clear that Mrs. Ingram at the time of the accident was engaged in performing an act at the direction of E. D. Frump, and that such act was being performed in the interest of the Company, under its supervision.

E. D. Frump and Victor D. Frump occupying the positions of masters, and Mrs. Ingram the position of servant, at the time of the accident in which plaintiff was injured, the masters are liable to plaintiff for her negligent conduct. Therefore, we find no error in the refusal of defendant's instructions Nos. 1A and 1B.

Accordingly, the judgments of the Circuit and Common Pleas Courts of Kanawha County are affirmed.

*Affirmed.*