OTIS MOONEY, *et al.*

*v.*

LENA BARTON *and* NATIONWIDE INS. Co., *etc., et al.*

(No. 13038)

Submitted September 15, 1971.  Decided November 2, 1971.

*Milford L. Gibson, Joseph A. Wallace,* for appellants.

*James F. Cain,* for appellees.

CARRIGAN, JUDGE:

This is an appeal by Lena Barton and Nationwide Insurance Company, appellants, defendants below, hereinafter sometimes referred to individually as Barton or Insurance Company, from a final order of the Circuit Court of Randolph County entered June 4, 1970, denying appellants' motion for a new trial and to set aside a judgment against them dated August 29, 1969, upon a motion for judgment on the pleadings or, in the alternative, for summary judgment filed by Otis Mooney and Jewell Ethel

Mooney, appellees, plaintiffs below, hereinafter sometimes referred to as Mooney.

The exact circumstances under which this controversy arose are somewhat in confusion. There appear to be three separate statements of facts in this case differing only with respect to the most important fact or circumstance in the case, which is, to what extent, if any, did Mooney direct the operation of or otherwise exercise dominion or control over the automobile and the driver. According to the record, counsel for appellants filed a statement in lieu of a transcript on January 11, 1971, which was prepared for the purpose of appeal to this Court. This statement was objected to by counsel for appellees on January 18, 1971. Counsel for appellants then filed a stipulation of facts which bears the notation, "Approved and stipulated this 16th day of February, 1971." This writing is signed by appellants' counsel, who prepared it, but it is not signed by appellees' counsel and does not indicate that appellees' counsel was ever notified of its existence. Furthermore, while this writing was transmitted to this Court by the circuit clerk as part of the record, it bears no notation of ever having been filed in the circuit clerk's office. All of these things give this document the appearance of a fugitive paper.

The only facts that seem to have any official sanction are those contained in the August 29, 1969, order of the court. The judge indicates that his statement is based on an "agreed statement of the facts in this controversy." The agreed statement of facts considered by the trial court does not appear in the record before this Court. However, from this order itself we find that on August 14, 1968, appellant Barton was driving an automobile owned by appellee Otis Mooney and in which he was a passenger. Barton, apparently through negligence, wrecked the vehicle damaging it in the amount of $1,062.15. The parties also received personal injuries, but this aspect of the case is not in issue in this appeal.

Appellees thereupon filed suit against Barton, her insurance company and the company's insurance agent. The agent was named a party because he allegedly told appellees to have the automobile repaired and that the company would pay for it. The court later dismissed the agent from the suit.

The insurance policy involved in this case provides collision coverage for Barton, such coverage being termed "Coverage B." Under part VI of the policy, titled "USE OF OTHER LAND MOTOR VEHICLES," the following is provided:

Insurance afforded under:

* * *

(2) Coverages A, *B* and F shall apply to a private passenger automobile . . . while in *actual possession* of the Policyholder . . . (emphasis added).

The complaint alleges in paragraph three that Mooney is a third party beneficiary under the Barton insurance policy and is entitled to *full* compensation thereunder. In the joint answer of Barton and the insurance company, in what is designated as "C" of "Second Defense," the appellants admit appellees are third party beneficiaries *"to a limited extent only"* (emphasis added). We find nothing in appellants' pleading to deny appellees' claim to be third party beneficiaries, except the above-mentioned part of the "Second Defense." Appellants do not specifically deny that Mooney is a third party beneficiary with respect to the collision coverage of Barton's policy, since the appellees claim *full* compensation and appellants' answer admits liability to a limited extent, the extent of this limited liability not being specified. Neither do we find in the record before us any motion under R.C.P. 21 to drop appellant Nationwide Insurance Company as a misjoined party.

Upon the aforementioned motion for judgment on the pleadings, or, in the alternative, summary judgment, the trial court held as a matter of law that Barton was in

actual possession of the automobile and, as a consequence, held the insurer liable for the property damage. The defendants below made a timely motion to set the judgment aside and grant a new trial, as required by R.C.P. 59. Upon appellants' motion for a new trial, the trial court entered an order on June 4, 1970, purporting to be a nunc pro tunc order referring back to December 19, 1969, the date of the hearing on the motion. In that order the court denied the motion, and it is from that order that appellants now appeal. There is no order, memorandum or other matter of record in this case on December 19, 1969, indicating the trial court's findings.

We granted appellants' writ of error and supersedeas on December 7, 1970, upon second application, and on September 15, 1971, the case was submitted for decision.

Appellants assign as error the court's holding that Barton was in "actual possession" of the vehicle; the court's holding that the insurance policy afforded "carry-over" (third party beneficiary) coverage to Mooney's automobile; and the court's entering summary judgment for the appellees.

Appellees contend that this appeal should be dismissed as not having been providently awarded, basing this contention upon the fact that the order entered on June 4, 1970, related back to December 19, 1969, and the appeal to this Court, having been granted on December 7, 1970, was not granted within eight months from the entry of the last order which would be the basis for an appeal.

Appellants made a motion for a new trial on September 6, 1969, which period was within ten days after the date of the order of August 29, 1969, awarding judgment for the plaintiffs. However, the hearing on this motion for a new trial apparently was continued and not actually heard until December 19, 1969. Subsequently, an order was prepared which, among other things, overruled the motion for a new trial and stated that the circuit judge had prepared a formal opinion reciting his finding of facts and

law, but that he wanted this transcribed by the court reporter and that, when this was done, it would be made a part of the record in this case. This formal opinion reciting the facts and law relied on by the trial court is not included in the record before this Court. Although this action was taken on December 19, 1969, the order was apparently not signed by the judge until June 4, 1970. At the end of this order it states "Entered: June 4, 1970 as of December 19, 1969." This order also bears a rubber stamp saying "Entered June 4, 1970" and is signed by the Clerk of the Circuit Court of Randolph County showing it was indexed in Circuit Order Book 8, Page 87. The appellees contend that this is a nunc pro tunc order relating back to December 19, 1969, and, therefore, the appellants' eight months had expired prior to the granting of the writ of error and supersedeas by this Court on December 7, 1970.

R.C.P. 72 provides "The full time for filing a petition for appeal commences to run and is to be computed from the entry of . . . the following [order] made upon a timely motion under such [rule]: * * * granting or denying a motion for a new trial under Rule 59." Code, 58-5-4, as amended, also provides for an eight-months' period in which to appeal.

In the case of *Sothen* v. *Continental Assurance Co.,* 147 W.Va. 458, 128 S.E.2d 458 (1962), this Court held that the eight-months' period ran from the date of the judgment, and that the appeal had been improvidently awarded. However, in that case the motion for a new trial had not been made within the required ten-day period. The *Sothen* case was cited by Judge Berry in *Pyles* v. *Coiner,* 152 W.Va. 473, 164 S.E.2d 435 (1968). However, there is a distinction between these two cases and the present case. In the case before us the motion for a new trial was made within the required ten-day period.

> A nunc pro tunc order must be based on some memorandum on the records relating back to the time it is to be effective and such order cannot be entered if the rights of the parties may be adversely affected thereby. Point 3, Syllabus, *State*

*ex rel. Palumbo* v. *County Court of Kanawha County,* 151 W.Va. 61, 150 S.E.2d 887 (1966).

We find no merit in appellees' contention that the June 4, 1970, order is a nunc pro tunc order as of December 19, 1969. The appellants made a timely motion for a new trial, and the fact that the order overruling such motion was not signed by the trial judge or entered by the clerk until some five and one-half months after a hearing on such motion does not appear to be the fault of appellants. A party desiring to appeal cannot be deprived of this right by the failure of the trial court, for whatever reason, to enter a timely order or some memorandum of the action taken from which a party may have a right to appeal. Otherwise the appealable order might be withheld for over the eight-months' appeal period.

The chief issue to be determined in this case is the meaning of the insurance policy issued by Nationwide Insurance covering Barton's automobile and certain other motor vehicles she might be driving if in her "actual possession." It appears from the record that Barton, the driver of the car, and Mooney, one of the two plaintiffs, are brother and sister and that both were riding in the automobile driven by Barton. The purported statement of facts contained in the record filed with this Court furnishes no information as to whether both the driver and the owner were on a common mission; whether the owner was in any manner directing the operation of the automobile; or any other additional facts surrounding the use of the car at the time of the accident. The circuit court apparently found from a statement of facts, or some other source not before this Court, that defendant Barton was actually driving the car and was, therefore, in "actual possession."

This Court held in the case of *Payne* v. *Kinder,* 147 W.Va. 352, 127 S.E.2d 726 (1962), that proof that the owner of a car was an occupant establishes a rebuttable presumption that the driver, being other than the owner, was in the service of the owner and was operating it on the owner's accord, and that while the presence of the owner

does not necessarily render him liable for damages, the owner's presence is an important element to be considered on the theory of agency.

In the case of *Divita* v. *Atlantic Trucking Co.*, 129 W.Va. 267, 40 S.E.2d 324 (1946), the owner of a taxicab business was riding in one of his cabs being driven by his employee and occupied by other passengers when it was involved in a wreck. This is the third syllabus point of that case:

> Negligence of the operator of a motor vehicle employed by plaintiff, occurring at a time when the vehicle was being operated in the business of plaintiff, who was present and tacitly approving the manner in which said vehicle was operated, is imputed to plaintiff.

The cases of *Malcolm* v. *American Service Co.*, 118 W.Va. 637, 191 S.E. 527 (1937), and *Jenkins* v. *Spitler*, 120 W.Va. 514, 199 S.E. 368 (1938), state that the ownership of a car raises a rebuttable presumption that the owner would be liable on the basis of agency.

We believe these cases are distinguishable from the present case since in those cases the question related to a tort involving negligence, while the present case involves the application and interpretation of a contract, *i.e.*, Barton's insurance policy.

"Actual," as defined in Black's Law Dictionary and Webster's New International Dictionary, means real or in fact, as opposed to seemingly or pretended. "Possession" is defined as physical control. It therefore appears that the words "actual possession" as used in that part of the insurance policy under consideration mean the real, or in fact, physical control, operation and management of the motor vehicle. Not having before us the facts presented to or agreed upon before the trial court, we cannot say that the finding that appellant, Barton, was in actual possession of the Mooney automobile was incorrect and not sustained by the facts there presented. As stated in the second syllabus point of *Griffie* v. *McCoy*, 8 W.Va. 201 (1875): "In the trial of the facts in the case the court

occupied the relation to the case that a jury would have had the case been tried by a jury." This is the sixth syllabus point of *Daugherty* v. *Ellis*, 142 W.Va. 340, 97 S.E.2d 33 (1956): "The finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." In addition, when evidence, or agreed facts, presented in the trial are not a part of the record on appeal the findings of fact there resolved are presumed to be correct. *Hyman* v. *Commonwealth*, 206 Va. 891, 147 S.E.2d 156 (1966); *Carlton, Chamberlain & Co.* v. *Mays & Co.*, 8 W.Va. 245, 246 (1875). This, of course, is part of the broader principle that there is a presumption of regularity and validity which attaches to the proceedings of record in a lower court. *State ex rel. Powers* v. *Boles,* 149 W.Va. 6, 10, 138 S.E.2d 159, 162 (1964); *Shrewsbury* v. *Miller,* 10 W.Va. 115 (1877).

We are not unmindful of the holding of this Court in *Gibson* v. *St. Paul Fire & Marine Ins. Co.,* 117 W.Va. 156, 184 S.E. 562 (1936), but that case dealt with the exclusion from indemnity for theft of an automobile, where the car is voluntarily placed in the possession of another. In the *Gibson* case the automobile was not actually turned over or surrendered but was stolen. To apply the word possession as defined on page 159 of the *Gibson* case to the case before us would render the coverage under the provisions of the instant insurance policy meaningless.

The well-established principle applied in cases where the language of an insurance policy is susceptible of two constructions was repeated by this Court most recently in the second syllabus point of *State Farm Mutual Auto. Ins. Co.* v. *Allstate Ins. Co.,* 154 W.Va. 448, 175 S.E.2d 478 (1970):

> When the terms of an insurance policy are open to construction, the policy should be construed most strongly against the insurer and in favor of the insured.

We hold that Barton was in actual possession of the motor vehicle within the meaning of the terms of this insurance policy, and, accordingly, affirm the judgment of the Circuit Court of Randolph County.

*Affirmed.*