**Victor MANSOUR and Helen Mansour, Plaintiffs,**

**v.**

**REEVES BUILDINGS, INC., a corporation, et al., Defendants.**

**No. 73–20–CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Oct. 26, 1973.

Victor Mansour, pro se.

W. T. O'Farrell, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for defendants Arthur T. Ciccarello and Murray Lewis.

Arthur T. Ciccarello, Charleston, W. Va., for other defendants.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

The above-styled action was instituted on January 24, 1973, seeking damages in the amount of $880,000 for alleged fraudulent conversion of personal property and resultant personal injuries. The case is now pending before this Court on a motion for summary judgment filed by the defendants based on the ground that the suit was filed more than two years after the alleged conversion and is, therefore, barred by the applicable statute of limitations.

The facts may be briefly summarized as follows: Plaintiffs, Victor Mansour and Helen Mansour, leased a storeroom at 3717–19 MacCorkle Avenue, S. E., Charleston, West Virginia, from R. Lewis and his successor, defendant Reeves Buildings, Inc. They subsequently subleased the premises to the Village Laundry. At some later date, Reeves Buildings, Inc. instituted a suit in the Circuit Court of Kanawha County, West Virginia, against Victor Mansour, being Civil Action No. 9891, demanding possession of the premises. On October 3, 1970, the Circuit Court ordered Victor Mansour to vacate the premises and granted Reeves Buildings, Inc., the exclusive right to possession of said property. Counsel for Victor Mansour, Donald A. Lambert, was notified that the equipment belonging to Mansour was to be removed.

Victor Mansour made no attempt to vacate the premises for a period of three months. Thereafter, a notice that Reeves Buildings, Inc. claimed a storage lien against Mr. Mansour's equipment in the amount of $1,800.00 for October 4 through December 14, 1971, and that the property would be sold at public auction, was mailed by registered mail to Victor Mansour at two addresses. Both letters were refused by Mr. Mansour. Notice was also sent by registered mail to the Village Laundry Co., in care of the State Auditor, and to the plaintiff, Helen Mansour. Apparently, these notices were received. Moreover, counsel for plaintiff, Donald A. Lambert, was aware that a storage lien was filed against the goods in question. In addition and in accordance with the applicable statutes of West Virginia, a notice was published in the Charleston Gazette, a daily newspaper of general circulation in Kanawha County, West Virginia, for two successive weeks commencing on December 31, 1970. The notice advised that the equipment in question would be sold on the 18th day of January, 1971, in order to satisfy the lien. On the 18th day of January, 1971, the property was sold at a public sale to Reeves Buildings, Inc. for $1,800.00. Several months later, Mr. Mansour was permitted to come upon the premises and remove his personal property which was not sold pursuant to the sale. On March 1, 1971, Reeves Buildings, Inc. sold all the merchandise purchased at the sale to Hansel & Gretel Laundromat and Cleaners, Inc.

Apparently, plaintiffs made no attempt to seek redress in the state courts by way of appeal from the order of the Circuit Court dated October 3, 1971, or to challenge the sale of the property at public auction. Instead, this suit was commenced on January 24, 1973, more than two years after the sale of the property in question.

In rebutting the defendants' contention that the statute of limitations bars their claim, plaintiffs argue that (1) their cause of action is for breach of a bailment contract, and (2) the West Virginia statutes under which the property was sold are unconstitutional. The Court, having examined both of these contentions, finds them to be without merit.

 With reference to plaintiff's latter contention, the question of the constitutionality of the statute is not properly before this Court. In any event, the Court is not persuaded by plaintiffs' argument that the statutes in question are unconstitutional. With reference to plaintiffs' contention that this is an action for breach of bailment contract, it is clear from the wording of plaintiffs' complaint that the cause of action stated is an action for fraudulent conversion and not breach of contract. Plaintiff makes no allegation in the complaint which might be construed as giving rise to a breach of contract action.

 Indeed, under the facts herein, this Court is of the opinion that the defendant merely had custody of the property in question, custody implying mere temporary physical control. Gibson v. Insurance Co., 117 W.Va. 156, 184 S.E. 562. Such control was forced upon defendant, Reeves Buildings, Inc., by Mr. Mansour who refused, after being ordered by the Circuit Court of Kanawha County so to do, to remove his property. A bailment is not created by the owner of personal property who wrongfully keeps it on real property contrary to the instructions of the owner. 8 C.J.S. Bailments § 15. The duties and responsibilities of a bailee cannot be thrust upon a person without his consent. 2B Michie's Jurisprudence and Bailments, § 3, pg. 412. Clearly then, there was no bailment contract between the parties herein.

 Thus, the only remaining question is whether plaintiffs are barred from maintaining this action by the applicable statute of limitations, which is clearly two years from the date of the alleged conversion, Code of West Virginia, Chapter 55, Article 2, Section 12. The property which plaintiff complains was converted was sold on January 18, 1971. This is the date of the alleged conversion and the subsequent handling of the property in question does not alter this date. The suit was instituted on January 24, 1973, which date exceeds the two-year period. Although the filing of the complaint was more than two years after the sale, plaintiff claims that he did not have actual knowledge of the sale until sometime in February or March, 1971. Under the facts of the case, as developed by the affidavits filed herein, it would appear that Mr. Mansour's lack of actual knowledge does not toll the running of the statute of limitations for three reasons. First, the defendant made no attempt to conceal the sale of plaintiffs' property. Indeed, every effort was made to give plaintiffs notice and defendant followed the statutory procedure set up for sale of the property. Affirmative efforts on the part of the wrongdoer to conceal the alleged fraudulent act are necessary to prevent the running of the statute of limitations. Second, plaintiff, by his own actions, in refusing the registered letter advising him of the sale, prevents his now claiming that he did not discover the alleged conversion until a later date. If a party has the means of knowing or ascertaining, where ordinary prudence suggests that he inquire, he must do so or the statute runs. Thompson v. Whitaker Iron Co., 41 W.Va. 574, 23 S.E. 795. Finally, and most persuasive, is the fact that plaintiffs' attorney at that time, Donald A. Lambert, had actual knowledge of the fact that the sale was to take place and the date thereof. Notice to, or knowledge of, an attorney

for a party to a legal proceeding of matters arising in the course of the litigation or proceeding is ordinarily imputable to such party. Here the public sale was directly related to the Circuit Court action. Brewster v. Hines, 185 S.E.2d 513 (W.Va.1971). It should be further noted that Mrs. Mansour, one of the plaintiffs herein, apparently did have knowledge of the sale. In summary, the actions of the plaintiffs are wholly inconsistent with their allegations.

This Court is of the opinion that the two-year statute of limitations had run prior to the filing of this suit and plaintiffs are thereby barred from maintaining same. Accordingly, defendants' motion for summary judgment is hereby granted, judgment is entered for the defendants, and this case is ordered stricken from the docket.