**UNITED STATES of America, Plaintiff,**

v.

**Bayron DeJESUS MORENO, a/k/a Byron Restrepo, a/k/a "Johnny" and Scott Krugielka, Defendants.**

Nos. 88–CR–20033–BC–03, 88–CR–20033–BC–05.

United States District Court, E.D. Michigan, N.D.

Jan. 25, 1989.

Janet L. Parker, Asst. U.S. Atty., Bay City, Mich., for plaintiff.

Michael C. Gorte, Gorte & Lynett, Bay City, Mich., for Bayron DeJesus Moreno.

Robert J. Dunn, Bay–Saginaw Law Center, Bay City, Mich., for Scott Krugielka.

## MEMORANDUM OPINION

CHURCHILL, Chief Judge.

Defendants Moreno and Scott Krugielka were indicted for conspiring to distribute more than 5 kilograms of cocaine.[1] They were convicted by jury trial of the included offense of conspiring to distribute 500 or more grams of cocaine. The Court is convinced by a preponderance of the evidence that they, in fact, conspired to distribute 5 or more kilograms of cocaine and that each of them was aware of the full scope of the conspiracy.

It is the opinion of the Court that, notwithstanding such finding, the maximum Base Offense Level (except as the same might be increased by operation of Guideline 2D1.1(b)(1)) is 30. This conclusion results from application of Guideline 1B1.-3(a)(2) which provides in pertinent parts as follows:

> The conduct that is relevant to determining the applicable guideline range includes that set forth below.
>
> (a) ... Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level ... shall be determined on the basis of the following:
>
> (1) all acts and omissions committed ... by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, ... or that otherwise were in furtherance of the offense;

References to "aided and abetted" were omitted because one cannot aid and abet a conspiracy.

Guideline 1B1.3(a)(2) has no application because greater and lesser offenses may not be charged in multiple counts.

The key words of limitation in the guideline are the words "offense of conviction." The offense of conviction was conspiracy to distribute 500 or more grams of cocaine. By statutory definition, this includes a range of cocaine between 500 grams and 5 kilograms. The lesser does not include the greater. Activity in connection with 5 or more kilograms could not logically occur during the lesser offense nor be in furtherance of it.

To the extent that the language in Application Notes and Background is inconsistent with this interpretation, such language conflicts with the guidelines.

In Application Note 1 under 2D1.4, it is stated:

> ... If the defendant is convicted of conspiracy, the sentence should be imposed

---

1. More appropriately, the indictment should have referred to 5 kilograms or more of co- caine.

only on the basis of the defendant's conduct or the conduct of co-conspirators in furtherance of the conspiracy that was known to the defendant or was reasonably foreseeable.

The importance of the issue is demonstrated with respect to Defendant Moreno. His computed Offense Level was 30 plus 2 for a weapon plus 4 for his role in the offense, or a total of 36. His Criminal History Category is IV. This results in a sentencing range of 235 to 293 months. If his Base Offense Level per the Drug Quantity Table were increased to 34, as it might be under a different construction of the guidelines, his Offense Level Total would be 39, and it would produce a sentence range of 360 months to life with a 40–year statutory cap. It is not unlikely that the Sentencing Commission did not give special attention to the problem presented in this case.

It is the opinion of the Court that this language is language of limitation rather than of expansion.