929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott KRUGIELKA, Defendant-Appellant.
 No. 90-1863.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 On Appeal from the United States District Court for the Western District of Michigan, 88-20033, Churchill, J.
 W.D.Mich.
 AFFIRMED.
 Before RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges; WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Scott Krugielka appeals the refusal of the district judge to grant a downward departure in his sentence. Krugielka was convicted on a cocaine conspiracy charge, and his conviction was affirmed on appeal.[1] When the defendant filed his original appeal, the government cross-appealed from the sentence imposed by the trial judge. The government prevailed on its cross-appeal, and we ordered the defendant resentenced.
 
 
 2
 The district court originally had computed Krugielka's guideline range by imputing the quantity of cocaine with which Krugielka was personally involved.[2] We held this to be error and concluded that Krugielka had to bear the burden of being responsible for the quantity of cocaine involved in the conspiracy, of which he was a part.
 
 
 3
 On remand, the district judge expressed some displeasure with this result and asked the defense counsel and the assistant United States attorney if there was any basis for a downward departure. Defense counsel conceded there was no basis, other than what he and apparently the trial judge felt was the intrinsic unfairness of making Krugielka responsible for the quantities of cocaine involved in the conspiracy.[3] The parties before the court and the trial judge could find no basis for a downward departure--nor can we. Thus, we conclude there is no merit to this appeal.[4]
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 United States v. Moreno, 899 F.2d 465 (6th Cir.1990)
 
 
 [2]
 The trial judge submitted this issue to the jury
 
 
 [3]
 
 THE COURT: All right. What is the basis within the guidelines for departure?
 MR. BRISBOIS [defense counsel]: Your Honor, I don't think anything other than fairness can be presented to this Court, and I understand where that ranks in relation to the guidelines, but other than a question of fairness, other than a question of mistake where the defendant is the only one that will suffer by that mistake, there are no technical reasons, there are no reasons as laid out in the guidelines. If there would be a reason for departure, now there would have been a reason for departure before and there wasn't.
 (App. at 56-57).
 
 
 [4]
 Defendant admits that on resentencing the guideline range was properly computed. In United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989), we held:
 A sentence which is within the Guidelines, and otherwise valid, as is the case here, is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence....
 Defendant argues that the judge thought he had no discretion to make a downward departure. We disagree. It is clear from the record that the trial judge concluded that "under the facts of this case [in which no reason was offered to support a downward departure] I have none." (App. at 59). The judge then proceeded to impose the minimum guideline sentence.