51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott KRUGIELKA, Defendant-Appellant.
 No. 94-1700.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 Before: JONES, CONTIE and BATCHEDLER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion for an extension of time to file a notice of appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On October 28, 1993, Scott Krugielka, through counsel, moved for an extension of time to appeal the district court's May 5, 1993, order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The district court denied that motion on November 22, 1993. Krugielka has filed a timely appeal from that order and requests that this appeal be consolidated with Case No. 94-1969.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion in denying the motion to extend the appeal time. Fed.R.App.P. 4(a)(1) provides that the notice of appeal in civil cases where the United States is a party shall be filed within 60 days after the date of entry of the order sought to be appealed. Nonetheless, a district court may extend the time for filing of a notice of appeal upon a showing of excusable neglect if a motion seeking the extension is filed not later than 30 days after the expiration of the time prescribed by Rule 4(a). See Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir.1993). Krugielka claims that the appeal time should be extended because his attorney did not learn of the judgment denying him relief due to a clerical mistake in his office. However, even if the mistake qualifies as excusable neglect, the extension was properly denied because Krugielka filed his motion for enlargement of time almost six months after the order in question, not within 30 days after the expiration of the time prescribed by Rule 4(a).
 
 
 4
 The district court may still reopen the time for appeal, however, if it finds that a party entitled to notice of the entry of an order did not receive such notice from the clerk within 21 days of its entry and no party would be prejudiced. See Fed.R.App.P. 4(a)(6). Relief under this rule is not available to Krugielka because he admitted in his motion for an extension of time that his retained attorney received a copy of the order entered May 5, 1993, within 21 days of its entry. A party is bound by the acts of his lawyer-agent. Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962); see Mansour v. Reeves Bldgs., Inc., 383 F.Supp. 482, 484-85 (S.D.W.Va.1973), aff'd, 504 F.2d 812 (4th Cir.1974) (notice to, or knowledge of, an attorney for a party to a legal proceeding of matters arising in the course of the litigation or proceeding is ordinarily imputable to such party).
 
 
 5
 Accordingly, Krugielka's request to consolidate this case with Case No. 94-1969 is denied as moot because that case has already been dismissed by the court. The district court's order denying Krugielka's motion for an extension of time is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.