81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott KRUGIELKA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1386.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1996.
 
 Before: JONES, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment dismissing a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Scott Krugielka was convicted after a jury trial of conspiracy to distribute or to possess with the intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 846, and received a 135 month term of incarceration. United States v. Moreno, 710 F.Supp. 1136 (E.D.Mich.1989). The conviction was affirmed on direct appeal but the cause was remanded for resentencing. United States v. Moreno, 899 F.2d 465 (6th Cir.1990).
 
 
 3
 In 1990, the district court sentenced Krugielka pursuant to the Sixth Circuit's remand and gave Krugielka a 168 month term of imprisonment. This second sentence was affirmed on direct appeal. United States v. Krugielka, No. 90-1863, 1991 WL 43934 (6th Cir. April 1, 1991) (per curiam). Krugielka thereafter filed at least two § 2255 motions to vacate his sentence. The first motion was denied and Krugielka's attempted appeal to this court was jurisdictionally defective. United States v. Krugielka, No. 94-1700, 1995 WL 124309 (6th Cir. March 22, 1995) (order).
 
 
 4
 Krugielka's second § 2255 motion, in which the only issues raised address the calculation of his guideline sentence, is the subject of the case at bar. The government responded to the motion and the district court subsequently dismissed the motion. A timely appeal to this court followed a jurisdictionally defective motion for reconsideration filed in the district court.
 
 
 5
 Krugielka was indicted for his role, with 17 other individuals, in a drug distribution conspiracy and was convicted of one count of conspiring to distribute 500 or more grams of cocaine. There was evidence at sentencing that amounts of cocaine grossly in excess of 500 grams (5-14.9 kilograms) were involved in the conspiracy and attributable to Krugielka. The district court, however, initially calculated Krugielka's sentence with reference to a smaller quantity of cocaine, operating on the erroneous belief that the jury verdict foreclosed considering any and all relevant evidence of the drug quantity that could be attributable to Krugielka, that is, within his knowledge of the operation of the conspiracy after he joined. The sentencing judge noted in several places that he was convinced of Krugielka's knowledge of the large amounts of cocaine, while nevertheless feeling bound to sentence at a lower level.
 
 
 6
 The Sixth Circuit remand clarified this position, specifically noting "that conduct beyond the count of conviction may be considered" in fashioning Krugielka's sentence. Moreno, 899 F.2d at 474. On remand, the district court calculated Krugielka's sentence with reference to the 5-14.9 kilograms of cocaine that it had previously found to be attributable to him. The panel of this court that conducted the direct review of the second sentence found no reversible error in the sentencing court's decision after remand. The only issue presented for-review was the propriety of the district court's decision not to effect a downward departure after expressing an opinion concerning the length of the sentence. The panel concluded that there was no merit to this issue and summarily affirmed.
 
 
 7
 Krugielka now contends in his § 2255 motion that his sentence should once again be visited, only this time the amount of drugs attributable to him should be calculated in light of case law handed down after the second sentence. Krugielka specifically contends in this regard that he should not be held accountable for all the cocaine that may have been distributed in the conspiracy, but only for the amounts of which he was aware. The government notes that Krugielka's motion is based on the faulty premise that the sentencing judge did not consider Krugielka's individual role in the conspiracy and his knowledge of the drugs distributed.
 
 
 8
 The government correctly contends that there is no merit to Krugielka's motion. The record conclusively demonstrates that the sentencing judge, Judge Churchill, has been completely convinced from the conclusion of the guilt phase of the proceedings that Krugielka actively and knowingly took part in a scheme to distribute approximately 5-14.9 kilograms of cocaine. The transcript of the initial sentencing reflects this belief and the panel to whom Krugielka's first appeal was presented quoted from this language with apparent approval. This "individualized" approach to sentencing one convicted of conspiracy is completely in accord with the law of this circuit. See, e.g., United States v. Okayfor, 996 F.2d 116, 120-21 (6th Cir.) (per curiam), cert. denied, 114 S.Ct. 238 (1993). The appeal lacks merit.
 
 
 9
 Accordingly, the motion for counsel is denied, the motion for pauper status is granted for purposes of this appeal only and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.